**N. D. WIMBERLEY et al., Plaintiffs and Appellants,**

v.

**Lt. J. CAMPOY, Correctional Officer, Folsom State Prison, Appellee.**

No. 71–1478.

United States Court of Appeals, Ninth Circuit.

Aug. 13, 1971.

Rehearing Denied Sept. 16, 1971.

UNITED STATES of America, Plaintiff-Appellee,

v.

Dean Nelson BURNS, Defendant-Appellant.

No. 71–1641.

United States Court of Appeals, Ninth Circuit.

Aug. 17, 1971.

N. D. Wimberley, in pro per.

Doris H. Maier, Asst. Atty. Gen., Evelle J. Younger, Atty. Gen., Charles P. Just, Nelso P. Kempsky, Deputy Attys. Gen., Sacramento, Cal., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

PER CURIAM:

In this civil rights (42 U.S.C. § 1983) suit, the summary judgment in favor of the defendant is affirmed.

Campoy seized papers, it is asserted, from the plaintiff's jail house lawyers. He can't do this any more under In Re Harrell, 2 Cal.3d 675, 87 Cal.Rptr. 504, 470 P.2d 640.

But at the time he did it he was enforcing prison regulations not yet declared invalid. Here this protects Campoy. That the regulations might be outlawed may have been forecast by Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L. Ed.2d 718, but the event did not happen until Harrell came down after the seizure.

Campoy's affidavit for summary judgment said he enforced the regulations in good faith. This was not contradicted by any opposing affidavit. Thus there was no genuine issue of fact remaining to be tried.