**Johnny X. MILTON, Appellant,**

v.

**Louis S. NELSON et al., Appellees.**

**No. 74–1686.**

United States Court of Appeals, Ninth Circuit.

Sept. 18, 1975.

As Amended Feb. 2, 1976.

Athearn, Chandler & Hoffman, San Francisco, Cal., for appellant.

Evelle J. Younger, Atty. Gen., San Francisco, Cal., for appellees.

## OPINION

Before MERRILL and KENNEDY, Circuit Judges, and ENRIGHT,* District Judge.

ENRIGHT, District Judge:

This is an appeal from an order of the district court dismissing appellant's complaint as frivolous, 28 U.S.C. § 1915(d), and for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6). We affirm.

Appellant Milton is a California state prisoner. While in San Quentin, he had been allowed to acquire approximately 63 paperback books valued at $167.28. Upon his transfer to Deuel Vocational Institute, where regulations limited to ten the number of books each prisoner could possess, all but ten paperbacks were confiscated. The present claim is for money damages equal to the value of the confiscated books.

I. Dismissal for failure to state a claim.

Appellant's asserted grounds for relief are 42 U.S.C. §§ 1981, 1982, and 1983, the Civil Rights Act. He alleges that confiscation of the books constituted a violation of the Act by the State of California and a number of officials of the institution in which he is confined. However, the Civil Rights Act does not provide a proper basis for the appellant's claim against any of the defendants.

■ Sections 42 U.S.C. §§ 1981 and 1982 authorize suits based on racial discrimination; there is however, no allegation by appellant of any racial discrimination. Section 42 U.S.C. § 1983 applies to deprivations of constitutional rights by defendants acting under color of state law. We have held that "[t]he State is not amenable to suit under the civil rights statute." *Stewart v. Minnick*, 409 F.2d 826 (9th Cir. 1969). Therefore, the State of California is not a proper defendant in this case. Additionally, supervisory personnel whose personal involvement is not alleged may not be held responsible for the acts of their subordinates under California law. *See* Cal. Govt.Code §§ 820(a), 820.8; *Furmoto v. Lyman*, 362 F.Supp. 1267, 1275 n.8 (N.D. Cal., 1973); the doctrine of *respondeat superior* is therefore inapplicable to this Civil Rights Act claim as to defendants Procunier (Director), Nelson (Warden), and Park (Associate Warden). *See Boettger v. Moore*, 483 F.2d 86 (9th Cir. 1973).

■ The remaining two defendants, Schenk and Baker (receiving and release sergeant and officer), acted pursuant to Department of Corrections regulations. It is clear that "good faith" enforcement of governmental regulations is a defense to a section 1983 Civil Rights Act claim. See *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct.

* The Honorable William B. Enright, United States District Judge for the Southern District of California, sitting by designation.

1213, 18 L.Ed.2d 288 (1967); *Williams v. Gould,* 486 F.2d 547 (9th Cir. 1973). Once it is established that a defendant was acting pursuant to official regulations, the burden shifts to the plaintiff to assert that the defendant was not acting in good faith. No such showing has been made by appellant. Even if the regulations are subsequently found to be invalid a defendant's good faith enforcement of these regulations can still be a defense to a section 1983 suit. See *Wimberley v. Campoy,* 446 F.2d 895 (9th Cir. 1971).

II. Dismissal of the complaint as frivolous.

■ The district court initially granted leave for the appellant to proceed in forma pauperis, but it subsequently granted the defendants' motion to dismiss the complaint as frivolous under 28 U.S.C. § 1915(d). This court has held that

the discretion to deny state prisoners the privilege [to commence and prosecute a suit in forma pauperis under 28 U.S.C. § 1915] is 'especially broad' in civil actions against wardens and other officials connected with the institution in which they are incarcerated.

*Shobe v. People of State of California,* 362 F.2d 7 (9th Cir. 1966), *cert. denied,* 385 U.S. 887, 87 S.Ct. 185, 17 L.Ed.2d 115. Therefore, the district court's dismissal of the complaint as frivolous under 28 U.S.C. § 1915(d) must be affirmed in the absence of abuse of discretion. *Williams v. Field,* 394 F.2d 329, 332 (9th Cir. 1968). Since the appellant had no legally cognizable claim against the defendants under the Civil Rights Act, we find no abuse of discretion in the district court's dismissal of the complaint as frivolous.

Accordingly, we affirm the judgment below.