Lois Cleon Shelton AUBUCHON, Plaintiff,

v.

STATE OF MISSOURI, Defendant.

No. 80–131C(C).

United States District Court, E. D. Missouri, E. D.

March 31, 1980.

**530**

Lois Aubuchon, pro se.

J. Michael Davis, Asst. Atty. Gen., Jefferson City, Mo., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court on the motion to dismiss plaintiff's complaint filed by defendant State of Missouri. For the reasons stated below, defendant's motion will be granted.

Plaintiff filed this *pro se* complaint alleging generally that her civil rights were violated by the State of Missouri when the Circuit Court of Dent County, Missouri, issued a 1975 judgment holding that plaintiff's parents failed to establish the existence of a common law marriage. As such, this decree made plaintiff illegitimate and unable to inherit certain family property under Missouri law. Plaintiff alleges that she and her family have suffered great cost over this adjudication, and seeks to have this Court "correct the condition." Plaintiff's complaint is filed pursuant to 42 U.S.C. § 1983, and asks for $300,000 in damages.

Defendant moves to dismiss plaintiff's complaint for two reasons. First, it contends that to the extent that plaintiff bases her complaint upon a violation of the Civil Rights Act, the State of Missouri is not a governmental unit included among those "persons" to whom the Civil Rights Act applies. Secondly, defendant asserts that insofar as plaintiff challenges Section 474.-060, Mo.Rev.Stat. (1969), as violative of her constitutional rights, no actual controversy exists so as to establish plaintiff's standing to bring this action.

A *pro se* complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Viewing plaintiff's complaint as favorably toward her as possible, the Court is unable to say that the plaintiff is able to state any set of facts showing that she is entitled to relief under the federal civil rights laws.

In this case, plaintiff complains that the decision of the Dent County Circuit Court, which refused to recognize the common law marriage of her parents, was in error. There is no showing that plaintiff has appealed this decision. It is firmly established that 42 U.S.C. § 1983 should not be utilized to appeal a valid state court decree. *Environmental Aid, Inc. v. Goddard*, 433 F.Supp. 906 (D.C.Pa.1977). Nor does plaintiff contend that any judicial official exceeded the scope of judicial immunity or acted maliciously. It is also well established that a judge will be subject to liability under the civil rights laws only when he has acted in clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

Further, the only defendant in this case is the State of Missouri. It is clear that the State of Missouri is not a "person" within the meaning of that term as used in 42 U.S.C. § 1983. *Milton v. Nelson*, 527 F.2d 1158 (9th Cir.1975); *Meyer v. State of New Jersey*, 460 F.2d 1252 (3rd Cir.1972). The Court is aware of the recent decision of the Supreme Court in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which broadened the applicability of 42 U.S.C. § 1983 to include municipalities as "persons" who can be found liable under this section. However, the Court expressly excluded states from its analysis in that case, noting that their holding was limited to local government units which are not considered part of the state for eleventh amendment purposes.

It appears that plaintiff also attempts to challenge Section 474.060, Mo. Rev.Stat. (1969), which provides that an illegitimate person shall inherit through its mother. Defendant contends that plaintiff has failed to demonstrate that she has standing to challenge this statute because no actual injury or immediate threat of injury directly caused by the defendant is at hand. The Court agrees. "A federal court cannot pronounce any statute, either

 

of a state or of the United States, void, because irreconcilable with the constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies." *Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). The record only shows that plaintiff has been notified by the Social Security Administration regarding some confusion about her illegitimate status. Further, plaintiff appears to claim entitlement to a farm owned by her father which was granted to her alleged family by President James Buchanan in 1853. From these two seemingly unconnected events, plaintiff claims entitlement to $300,000 in damages. None of these facts show that plaintiff is threatened by any immediate harm through the operation of the Missouri statute so as to enable this Court to intervene on her behalf.

In its present form plaintiff's rather extraordinary complaint fails to state facts sufficient to maintain a cause of action under the federal civil rights laws. Therefore, defendant's motion to dismiss plaintiff's complaint must be granted at this time.

Accordingly, plaintiff's complaint is dismissed without prejudice to whatever remedies she might have under the laws of the State of Missouri.