Michael ANDERSON, Plaintiff,

v.

Dennis LUTHER, Warden, et al., Defendants.

No. 80 C 2545.

United States District Court, N. D. Illinois, E. D.

March 11, 1981.

Michael Anderson, pro se.

William J. Scott, Atty. Gen., Bradford D. Roth, Asst. Atty. Gen., Special Litigation Div., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

GRADY, District Judge.

This cause comes before the court on motion by the federal defendants (Luther, Bettencourt and Marcadis, sued in their official and individual capacities) for dismissal, and motion by the state defendant (Irving, sued in his official and individual capacity) for dismissal or, in the alternative, for summary judgment. Fed.R.Civ.P. 12(b), 56. For reasons discussed below, we grant the motion of the federal defendants for dismissal, and grant in part and deny in part the motion of the state defendant for dismissal or summary judgment.

The facts, briefly summarized, are:

Plaintiff Anderson is a state prisoner presently incarcerated in the Metropolitan Correctional Center in Chicago, Illinois.[1] He was convicted of murder in 1970 and sentenced to 25–50 years in prison.

Plaintiff had a parole hearing in front of defendant Irving, Chairman of the Illinois Prisoner Review Board, in January 1980. At the time of this hearing, there was on his record an institutional violation for engaging in sexual acts with another, former, inmate. He had been charged with this conduct on December 21, 1979; defendant Bettencourt had delivered the "incident report" to him. On December 30, 1979, plaintiff had been found "guilty" of the institutional violation by the Institutional Disciplinary Committee, headed by defendant Marcadis. He was "sentenced" to ten days in segregation ("the hole"), which time had

---

1. Petitioner is one of a group of ten state prisoners who were placed in federal custody pursuant to a contract between the state and federal governments. Those prisoners so transferred to federal custody filed a petition for a writ of habeas corpus, asking to be remanded to state custody. *United States ex rel. Hoover, et al. v. Elsea*, et al., 501 F.Supp. 83 (N.D.Ill.1980). District Court Judge Crowley granted petitioners' habeas request and ordered the prisoners remanded to state custody. Execution of that judgment has been stayed pending appeal; therefore, since plaintiff is still in federal custody, the federal defendants are proper defendants in this action.

been spent on the sixth floor of the MCC pending the investigation, and was therefore considered served.[2] Plaintiff appealed the conviction to defendant Luther, Warden of the MCC, which appeal was denied.

At the parole hearing, the conviction for sexual acts was mentioned. *See* n.2 *supra.* Plaintiff was denied parole on the stated basis that it would "depreciate the seriousness of the offense; murder." Plaintiff then appealed his conviction of the institutional violation to the Regional Director of the Federal Bureau of Prisons. His appeal was granted and the conviction was expunged from his record on March 17, 1980.

On February 25, 1980, plaintiff had requested a reconsideration of his denial of parole because one of his co-defendants, who had been sentenced to 14–20 years in prison, had been released on parole. This rehearing was denied. On April 9, 1980, plaintiff requested a rehearing of his denial of parole due to the expungement of the conviction for sexual acts from his record. This, too, was denied by the Illinois Prisoner Review Board, acting through defendant Irving.

Petitioner thereupon filed a petition for habeas corpus which has been dismissed this day as being moot. Case No. 80 C 1523. *See* n.3 *supra.* In May 1980, plaintiff filed the instant action alleging deprivation of his constitutional rights by the four defendants.

Plaintiff, who appears pro se, asserts three causes of action against the defendants:

1. Detention in "segregation" as a result of his subsequently overturned conviction for engaging in sexual acts with a former inmate.

2. Denial of parole as a result of the improper conviction.

3. Denial of a parole rehearing after the institutional violation was expunged from his record.

Plaintiff seeks immediate release on parole or a rehearing on his parole eligibility, and damages of $10,000.00 from each defendant. We address only the damage actions.[3]

## DISCUSSION

### 1. *Jurisdiction*

Plaintiff asserts jurisdiction over all defendants under 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1332, 1361, 1651, 2241 and 2254. We will discuss the relevancy of the applicable jurisdiction statutes with reference first to the federal, and then to the state, defendants.

We note at the outset that §§ 2241 and 2254 are inapplicable to the instant civil rights suit. These statutes provide only for habeas corpus relief; plaintiff has already filed for a writ of habeas corpus on grounds similar to those asserted in the instant case. No. 80 C 1523. In addition, § 2254 applies only to prisoners in state custody; plaintiff is currently in federal custody. *See* n.1 *supra.*

Section 1332 is applicable only to diversity actions. There is no diversity alleged or present in this action.

Section 1651 is not a jurisdictional statute; it merely enables the district courts to issue writs in aid of their jurisdiction.

The remaining jurisdictional allegations are based on §§ 1983, 1331 and 1361; we also find 28 U.S.C. § 1343(3) to be applicable to the instant suit.

---

2. It appears that plaintiff never actually spent the time in segregation. *See* Tr., Parole Hearing at MCC, (Jan. 25, 1980), Anderson testimony at pp. 7–8.

3. This court cannot award plaintiff release on parole in a civil rights suit. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Gardner v. McCarthy,* 503 F.2d 733 (9th Cir. 1974). Such relief is appropriate only in a habeas corpus case; plaintiff filed such a petition on these grounds in a related suit. No. 80 C 1523. We therefore consider only his damage claims in this action. We dismiss all claims seeking immediate release on parole, and dismiss all claims seeking a rehearing of parole eligibility as being moot. Petitioner had a parole hearing in January 1981 and was granted parole effective June 1, 1981. *See* our Order of this date in No. 80 C 1523.

(A) The Federal Defendants—Luther, Bettencourt, Marcadis

(1) Section 1983—Section 1983 is not a jurisdictional statute; it is an enabling statute allowing individuals to sue state officers who, under color of state law, have deprived the plaintiff of constitutional rights. Such suits assert jurisdiction under 28 U.S.C. § 1343(3) and need not fulfill the jurisdictional amount requirement of $10,-000.00. However, § 1983 does not provide for suits against federal officials. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 456 F.2d 1339, 1346 (2nd Cir. 1972). *See also Campbell v. Amax Coal Co.*, 610 F.2d 701 (10th Cir. 1979); *Felder v. Daley*, 403 F.Supp. 1324, 1325 (S.D.N.Y.1975). Therefore, we have no jurisdiction over defendants Luther, Bettencourt or Marcadis under this statute.

(2) Section 1331—Federal officers may be sued directly under the Constitution for violating an individual's constitutional or other civil rights, with jurisdiction being asserted under the general federal questions jurisdiction statute, § 1331. However, officials may not be sued in their official capacities unless the United States has consented to suit. Suing a federal official in his official capacity is the same as asserting a claim against the United States itself, which cannot be done without consent of the sovereign. *Cf. Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690 n.55, 98 S.Ct. 2018, 2035 n.55, 56 L.Ed.2d 611 (1978). The United States has consented only to suits under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2674. Plaintiff has not pursued that course and therefore the federal officials may be sued only in their individual capacities.

(3) Section 1361—Plaintiff has also asserted jurisdiction under § 1361. Section 1361 gives the district courts jurisdiction to issue writs of mandamus to compel a federal officer or employee to perform a duty owed to the plaintiff. Plaintiff here wishes to compel the federal defendants to release him from custody on parole, or in the alternative to grant him a rehearing on his parole. We conclude that we lack jurisdic-

tion under this statute to compel the federal officials to release the plaintiff on parole. *See King v. United States*, 492 F.2d 1337, 1338–39 (7th Cir. 1974); *Brest v. Ciccone*, 371 F.2d 981, 983 (8th Cir. 1967). ("The courts have no jurisdiction and no power to . . . review or control the discretion of the Board of Parole in the exercise of its duties under [18 U.S.C.] 4203.") Determinations of release on parole are left to the discretion of the Parole Commission. In addition, release on parole is not appropriate relief in a civil rights action; such relief may be granted only upon a petition for a writ of habeas corpus. *See n.3 supra.*

Since we cannot require the federal officials to release the plaintiff on parole, and § 1361 does not give the district courts jurisdiction to issue a writ of mandamus to a state official to compel him to have a parole hearing, we hold that plaintiff states no cause of action under § 1361.

(4) Jurisdictional Amount—Under § 1331 plaintiff must satisfy the jurisdictional amount required in federal actions; plaintiff must allege compensable injury in excess of $10,000.00 as to each defendant in his individual capacity. The plaintiff's claim against all the federal defendants arise from his wrongful conviction of an institutional violation and the allegedly resulting denial of parole. The damages are the same as to all claims. Defendants argue that the plaintiff must show a factual basis for a $10,000.00 award. We find that the standard to be applied is whether it appears to a legal certainty that plaintiff will not be entitled to recover $10,000.00 from each defendant. This determination would require the court to conclude that under no set of facts regarding the deprivations sustained by plaintiff would an award of $10,000.00 be justified. The court cannot so conclude in light of the fact that plaintiff is alleging that he would have been released on parole absent the wrongful institutional conviction. We conclude that plaintiff satisfies the jurisdictional amount requirement under § 1331 and may sue the federal defendants in their individual capacities.

**(B) The State Defendant—Irving**

 (1) Section 1983—As discussed above, § 1983 provides for actions against state officials who, while acting under color of state law, deprive the plaintiff of his constitutional or other civil rights. Plaintiff has brought this suit against Irving in both his individual and official capacity. Section 1983 does not authorize actions against state officials in their official capacity. Suing a state official in his official capacity is tantamount to suing the state itself. *Monell,* 436 U.S. at 690 n.55, 98 S.Ct. at 2035 n.55. States are not liable to suit under § 1983; *Quern v. Jordan,* 440 U.S. 332, 341, 99 S.Ct. 1139, 1145, 59 L.Ed.2d 358 (1979) held that § 1983, even as interpreted by *Monell,* cannot encroach upon the protections of state sovereignty afforded by the Eleventh Amendment. *See Aubuchon v. State of Missouri,* 487 F.Supp. 529 (E.D.Mo. 1980) (state is not a person within meaning of § 1983). *Accord, Milton v. Nelson,* 527 F.2d 1158 (9th Cir. 1975).

Section 1983 does authorize suits against state officials in their individual capacity, and there is no need to satisfy the jurisdictional amount of $10,000.00. 28 U.S.C. § 1343(3). Therefore, we find that we have jurisdiction over defendant Irving in his individual capacity.

**2. Defendants' Motions to Dismiss and for Summary Judgment**

Since we have found that all the defendants are amenable to suit in their individual capacities, we now turn to whether plaintiff has stated a cause of action against them.

**(A) The Federal Defendants.**

 (1) Bettencourt—We find that plaintiff states no cause of action against defendant Bettencourt. Bettencourt has submitted an uncontested affidavit to the effect that his only conduct in the events complained of was to deliver the incident report regarding the institutional violation to plaintiff. Plaintiff's complaint does not allege any other participation by Bettencourt. We find that plaintiff has sustained no injury as a result of Bettencourt's conduct, and dismiss the action against him.

(2) Luther and Marcadis—We find that defendants Luther and Marcadis are immune from suit for the actions complained of by the plaintiff. Plaintiff bases his suit against Marcadis upon Marcadis' determination, as chairman of the Institutional Disciplinary Committee, that plaintiff was guilty of engaging in sexual acts. Plaintiff similarly bases his claim against Luther upon the fact that Luther was the party to whom he unsuccessfully first appealed this "conviction." As a result of this subsequently overturned "conviction," plaintiff claims that he suffered the loss of parole and had to spend ten days in segregation.

 Prison officials and members of prison disciplinary committees often perform quasi-judicial functions, such as those which are the subject of the instant claims. State prison officials sued under § 1983 enjoy an absolute immunity, as do members of the judiciary, from damage suits arising from the consequences of their judicial acts. *Franklin v. Shields,* 569 F.2d 784, 798 (4th Cir. 1977), *cert. denied,* 435 U.S. 1003, 98 S.Ct. 1659, 56 L.Ed.2d 92 (1978) (extending such immunity under § 1983 in an identical situation for state prison officials). This same immunity has been extended to federal officials who make quasi-judicial determinations in an administrative setting. *Butz v. Economu,* 438 U.S. 478, 508–14, 98 S.Ct. 2894, 2911–2915, 57 L.Ed.2d 895 (1978). Since the only damage claims brought against these defendants by the petitioner arise from their judicial acts in finding him guilty of the institutional violation and then refusing to reverse this finding on appeal, we hold that defendants Luther and Marcadis are immune from suit on these grounds. The damage claims against these two defendants are dismissed.

**(B) The State Defendant—Irving.**

 The plaintiff's claims against Irving are based upon the denial of a parole hearing after the expungement of the institutional violation from plaintiff's record. Although plaintiff has no constitutional

right to be released on parole, *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), such an expectation may be created by state statute. Ill.Rev.Stat. ch. 38, § 1003–3 *et seq.*, establishes such an expectation and outlines the standards for denying parole. Section 1003–3–5 provides that the Prisoner Review Board shall not parole a person eligible for parole if his release at that time would depreciate the seriousness of the offense or promote disrespect for the law. This was the reason given for denying plaintiff parole.

Obviously, procedures for denying to an individual a right created by state statute must be in accordance with the due process required under the Fourteenth Amendment. We hold that if the institutional violation of December 1979 was a significant factor in the decision to deny plaintiff parole in January 1980, and the plaintiff was denied a rehearing by defendant Irving upon the subsequent expungement of the institutional violation, plaintiff has stated a cause of action against defendant Irving under § 1983. Defendant Irving has submitted an affidavit attesting that the institutional violation played no part in the decision to deny plaintiff parole. At present, the pro se plaintiff has filed no counteraffidavit. Although we would ordinarily conclude that the failure to submit a counteraffidavit on this crucial fact would be fatal to plaintiff's action on a summary judgment motion, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), instructs us to construe the pleadings of pro se litigant liberally, and to hold them to a "less stringent standard" than the pleadings of attorneys.

The institutional violation was discussed at the plaintiff's parole hearing in January 1980. Tr., Parole Hearing, Jan. 25, 1980 at 7–8. It is thus obvious that the institutional violation was known to the parole board at the time it made its decision. While this evidence is insufficient to allow us to conclude at the present time that the institutional violation played a significant role in the parole board's denial of parole, we are at the same time hesitant to assume that it played no role at all. We emphasize that we are not deciding whether or not the parole board *should* have considered the institutional violation; that, of course, is left solely to the unreviewable discretion of the parole board. But in light of the fact that there is some evidence that the institutional violation was considered by the parole board, we will give plaintiff thirty (30) days from the date of this decision to present any supplemental evidence or additional facts (by means of supplemental pleadings or counteraffidavits) which would support a conclusion that the sexual offense that was later expunged was a significant and causative factor in the denial of his parole in January 1980. Defendant Irving will have ten (10) days from the submission of such evidence to respond.

The motion of the federal defendants is granted, and all claims against the federal defendants are dismissed. The motion of the state defendant is granted in part. All claims against the state defendant in his official capacity under 42 U.S.C. § 1983 are dismissed. All claims against the state defendant pursuant to 28 U.S.C. §§ 2241, 2254, 1332, and 1361 are dismissed. The motion of the state defendant for summary judgment or for dismissal on the claims pursuant to 42 U.S.C. § 1983 is denied. Plaintiff has thirty (30) days to submit supplemental evidence in accordance with this opinion. Defendant Irving has ten (10) days after the submission of such evidence to respond.