Bennie Lee STANLEY d/b/a Stanley Security Guard Dog and Service, Plaintiff,

v.

INDIANA CIVIL RIGHTS COMMISSION; J.L. Maynard, Director, and David L. Staples, Commissioner, Defendants.

No. H 81–321.

United States District Court, N.D. Indiana, Hammond Division.

Feb. 11, 1983.

As Amended March 31, 1983.

---

**332**

Bennie Lee Stanley, Hammond, Ind., for plaintiff.

Linley E. Pearson, Atty. Gen., Frederick S. Bremer, Deputy Atty. Gen., Indianapolis, Ind., for defendants.

## ORDER

KANNE, District Judge.

On June 4, 1981, plaintiff Bennie Lee Stanley was granted leave to proceed *in forma pauperis;* plaintiff's complaint was filed by the clerk that same day. On September 2, 1981, plaintiff filed a motion asking the court to appoint counsel. On September 3, 1981, the defendants filed a motion to dismiss. Plaintiff, after having been ordered to do so, filed a response to defendants' motion on August 2, 1982. On October 29, 1982, defendants filed a second motion to dismiss in which they reasserted the grounds raised in their earlier motion.

Plaintiff is the proprietor of Stanley Security Guard Dog and Service. Plaintiff filed a complaint with the Indiana Civil Rights Commission (hereinafter the Commission) against the Hammond Police Department and the Indiana State Police alleging that they had deprived him and his security business "equal chance for employment and contracts." The Commission, by its Director, J.L. Maynard, found that plaintiff's allegations were outside the scope of its jurisdiction. Plaintiff appealed the adverse ruling to Commissioner Staples who also found that the Commission lacked jurisdiction. Shortly thereafter plaintiff brought this action against the Commission, Maynard, and Staples alleging that the Commission's finding of no jurisdiction was racially motivated.

Plaintiff's complaint consists of a form complaint for Title VII actions, nine looseleaf pages of allegations, and numerous exhibits. The defendants' motion to dismiss rests on three grounds: 1) plaintiff has not received a right to sue letter from the Equal Employment Opportunity Commission (hereinafter EEOC); 2) the complaint does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief;" and 3) assuming the complaint states a claim under 42 U.S.C. § 1983 the Commission cannot be found liable in damages because it is an agency of the State of Indiana.

■ While the allegations of plaintiff's complaint (supplemented by his response to defendants' motion to dismiss) are repetitive, disjoint and couched in conclusory terms, plaintiff's claim is discernible: the Commission discriminated against him when it found that it did not have jurisdiction over his complaint against two law enforcement agencies.[1] As the Seventh Circuit stated in *Roberts v. Acres*, 495 F.2d 57, 58 (7th Cir.1974):

> The complaint is designed to apprise the defendant of the incident out of which a cause of action arose and the general nature of the action.

Thus it would be inappropriate to dismiss plaintiff's complaint on the grounds that it does not comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

■ The form complaint which provides the structure for plaintiff's complaint states that "[t]his action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination." However, a *pro se* complaint, as counsel for the defendants acknowledges in his motion to dismiss, must be liberally construed. *French v. Heyne*, 547 F.2d 994, 996 (7th Cir.1976). Therefore the court will examine plaintiff's complaint to determine if it states a claim under either Title VII or 42 U.S.C. § 1983.

■ Defendants contend that plaintiff's complaint must be dismissed because he has not alleged the receipt of a right to sue letter. While the defendants are generally correct in stating that a right to sue letter is a prerequisite to the filing of a Title VII action, the Seventh Circuit's decision in *Rohler v. TRW, Inc.*, 576 F.2d 1260 (7th Cir.1978), suggests that plaintiffs in Title VII actions be given every opportunity to show that they have complied with the jurisdictional requirements. Accordingly the plaintiff will have fifteen (15) days from the date of this order to file a copy of his right to sue letter with this court.

■ Even if plaintiff can show that he has complied with all the jurisdictional requirements of Title VII it is doubtful, in this court's opinion, that the substance of plaintiff's charge—the Indiana Civil Rights Commission's finding that it lacked jurisdiction over his complaint—is cognizable under Title VII. Normally, Title VII actions are brought by individuals against present or past employers or employers that have refused to hire them. At least one court has extended the scope of Title VII to cover actions brought against state licensing agencies. *Puntolillo v. New Hampshire Racing Commission*, 375 F.Supp. 1089 (D.N.H.1974).[2] However, there is no authority that the court has been able to find which extends Title VII to state agencies which investigate complaints of employment discrimination. Accordingly the plaintiff will also have fifteen (15) days to show why his complaint should not be dismissed for failure to state a claim upon which relief can be .granted.

■ The Eleventh Amendment does not bar Title VII actions against states or their agencies. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). The Eleventh Amendment, however, does bar claims for damages against states and their agencies brought under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1978).

■ In *Adden v. Middlebrooks*, 688 F.2d 1147 (7th Cir.1982), the Seventh Circuit set

---

1. One of the documents attached to plaintiff's complaint is a copy of the Complaint of Discrimination he filed with the Commission on November 25, 1980, in which he named John Shettle, the Superintendent of the Indiana State Police, and Frank Dupey, the Chief of the Hammond Police Department, as the parties who discriminated against him. Also attached are letters exchanged by plaintiff and Superintendent Shettle which indicate that the State Police had refused to issue a handgun permit to the plaintiff. Apparently the basis of plaintiff's claim of discrimination before the Commission was the denial of the permit. What role Chief Dupey played in all this is unclear.

2. But most other courts which have considered whether Title VII should be extended to state licensing agencies have held otherwise. *See NOW v. Waterfront Commission*, 468 F.Supp. 317 (S.D.N.Y.1979) and cases cited therein.

out the factors a court should consider when deciding whether a state agency is the alter-ego of the state and thereby entitled to claim the state's Eleventh Amendment immunity. With those factors in mind the court has examined Ind.Code § 22–9–1–4 which authorized the creation of the Commission and Ind.Code § 22–9–1–6 which sets out the Commission's powers and duties. Nothing in either of those statutes raises any doubt in the court's mind that the Commission is performing a governmental function or that a judgment against the Commission would be paid out of the state treasury. Accordingly plaintiff's claim against the Commission under § 1983 for damages is barred by the Eleventh Amendment.

█ As for defendants Maynard and Staples, it is not clear from the complaint whether they are being sued in their official capacities or individually. If they are being sued in their official capacities the Eleventh Amendment bars any claim for monetary relief against them. *Owen v. Lash,* 682 F.2d 648, 654–55 (7th Cir.1982). If they are being sued individually we believe that they would be entitled to quasi-judicial immunity. In *Butz v. Economou,* 438 U.S. 478, 516, 98 S.Ct. 2894, 2914, 57 L.Ed.2d 895 (1978), the Supreme Court stated:

We think that adjudication within a federal administrative agency shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suits for damages.

█ In determining whether a public official is entitled to absolute immunity under *Butz* the court should consider: 1) the "functional comparability" of an official's judgments to those of a judge, 2) disputes brought before the official must be as intense as the ones a judge would face, 3) the administrative process must have safeguards similar to those of the judicial process, *Simons v. Bellinger,* 643 F.2d 774, 778 (D.C.Cir.1980).[3]

█ Ind.Code § 22–9–1–6(j)(1) gives the commission the power "[t]o hold hearings, subpoena witnesses, compel their attendance, administer oaths, take the testimony of any such person under oath," and require the production of books and records. Ind. Code § 22–9–1–6(k)(1) requires the commission to make findings of fact, issue cease and desist orders (upon finding discrimination), award back pay and require proof of compliance with its orders. These powers support the conclusion that the members of the Commission are performing functions comparable to those performed by judges.

A large number of the complaints the commission receives are brought by people who have lost their jobs or have been denied housing or some sort of public accommodation. In these types of disputes the complainants usually feel very strongly that they have been discriminated against. Bitter feelings are the rule and not the exception in actions of this sort.

The administrative process has many of the safeguards that the judicial system affords litigants. Title 910 of the Indiana Administrative Code gives parties before the commission the right to present and cross-examine witnesses, have counsel, present documentary evidence and file briefs (910 Ind.Adm.Code 1–11–1, 1–11–3).

**3.** Among the state agencies whose members have been held to be entitled to quasi-judicial immunity are state parole boards, *U.S. ex rel. Powell v. Irving,* 684 F.2d 494 (7th Cir.1982), prison disciplinary committees, *Ward v. Johnson,* 690 F.2d 1098 (4th Cir.1982); *Anderson v. Luther,* 521 F.Supp. 91 (N.D.Ill.1981); *contra Hilliard v. Scully,* 537 F.Supp. 1084 (S.D.N.Y. 1982), state gambling commissions, *Rosenthal v. State of Nevada,* 514 F.Supp. 907 (D.Nevada 1981); beverage control commissions, *Hamm v. Yeatts,* 479 F.Supp. 267 (W.D.Va.1979); *Brown v. DeBruhl,* 468 F.Supp. 513 (D.S.C. 1979); and a labor relations board for public employees, *Jordan v. Hawaii Government Employees' Association,* 472 F.Supp. 1123 (D.Hawaii, 1979). Hearing officers for a state public welfare department have also been held to merit quasi-judicial immunity. *Morrow v. Bassman,* 515 F.Supp. 587 (S.D.Ohio 1981).

Courts have refused to extend quasi-judicial immunity to members of a juvenile detention camp disciplinary committee, *Mary and Crystal v. Ramsden,* 635 F.2d 590 (7th Cir.1980), and to the members of a county public aid committee. *Meyer v. Niles Township, Illinois,* 477 F.Supp. 357 (N.D.Ill.1979).

Parties are also given the right to appeal a final order or determination to the circuit or superior court of the county in which the party resides. 910 Ind.Adm.Code 1–13–1 and Ind.Code § 4–22–1–14.

It would appear then that the Commission meets the criteria established by *Butz.* Thus plaintiff cannot recover damages from Maynard and Staples in their individual capacities. Accordingly, plaintiff has failed to state a claim under 42 § 1983.

In summary, IT IS ORDERED that:

1. Defendants' motion to dismiss for failure to state a claim is hereby GRANTED with respect to any claim plaintiff may be attempting to raise under 42 U.S.C. § 1983.

2. Defendants' motion to dismiss on the grounds that the complaint does not contain "a short and plain statement" of plaintiff's claim is hereby DENIED.

3. Defendants' motion to dismiss on the grounds that plaintiff has not received a right to sue letter is hereby held in abeyance. Plaintiff will have fifteen (15) days from the date of this order to file a copy of his right to sue letter with this court. Plaintiff should also show why this court should extend the scope of Title VII to reach alleged discrimination on the part of a state agency charged with investigating discrimination.