**UNITED STATES of America**

v.

**CERTAIN REAL PROPERTY KNOWN AS LOT B GOVERNOR'S ROAD, MILTON, NH; One 1989 Honda Motorcycle, VIN 1HSFC2101JA102080; The Leasehold Interests Held by Kevin Palmer in Apartments J36 and E337, Negril Beach Club, Negril, Jamaica, West Indies.**

**Civ. No. 90–294–D.**

United States District Court, D. New Hampshire.

Nov. 26, 1990.

---

488

Michael J. Gunnison, Asst. U.S. Atty., Concord, N.H., for U.S.

Stephen T. Jeffco, Portsmouth, N.H., for defendants.

## ORDER

DEVINE, Chief Judge.

Following hearing, the Court addresses the issues raised in this civil forfeiture proceeding.[1] Therein, the United States seeks to enjoin certain state court proceedings. The defendant objects.

### 1. Background

On January 5, 1990, the district court of Portsmouth, New Hampshire, issued a search warrant for certain premises occupied by defendant Kevin Palmer which were located in Dover, New Hampshire. On January 9, the warrant was executed by officers of the Portsmouth and New Hampshire State Police ("NHSP"). Currency, a motor vehicle, jewelry, and a Honda motorcycle were seized. The Honda motorcycle is the focus of the instant proceeding.

As required by state law, New Hampshire Revised Statutes Annotated ("RSA") 318–B:17–b II (Supp.1989),[2] defendant was served with an inventory report within seven (7) days of the seizure. The New Hampshire Attorney General subsequently moved for forfeiture of some, but not all, of the seized items. RSA 318–B:17–b IV.[3] The jewelry and the Honda motorcycle

1. 21 U.S.C. § 881(a) provides in detail for the civil forfeiture to the United States of properties, real and personal, including conveyances, used in connection with certain drug transactions. Subsection (b) of the statute provides for the seizure of such property "upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims by any district court of the United States having jurisdiction over the property." And subsection (c) of 21 U.S.C. § 881 provides:

Property taken or detained under this section shall not be repleviable, but shall be deemed to be in the custody of the Attorney General, subject only to the orders and decrees of the court or the official having jurisdiction thereof.

2. RSA 318–B:17–b I (Supp.1989) provides for state forfeiture of items seized in connection with drug offenses. Subsection II provides:

Upon the seizure of any items or property interests under paragraph I, the person mak-

ing or directing such seizure shall inventory the items or property interests and issue a copy of the resulting report to any person or persons having an equitable interest in the item within 7 days of said seizure. Any person making or directing said seizure shall, within 30 days of the seizure, file a petition in the superior court having jurisdiction under this section. If no such petition is filed within 30 days, the items or property interest seized shall be returned to the owners.

3. RSA 318–B:17–b IV (Supp.1989) provides for the attorney general to petition the superior court in the name of the state "in the nature of a proceeding in rem to order forfeiture of items or property interests subject to forfeiture under the provisions of this section. Such petition shall be filed in the court having jurisdiction over any related criminal proceedings which could be brought under this chapter."

were the items that the state did not seek to forfeit.[4]

On June 6, 1990, the Superior Court of Strafford County, New Hampshire (Temple, J.), granted in part defendant's ex parte motion for preservation of evidence. The effect of this order was to prohibit the police from removing, selling, or otherwise disposing of the motorcycle mentioned in the order. On June 18, 1990, Justice Nadeau of the Strafford County Superior Court granted defendant's motion for return of the Honda motorcycle to him.

On June 25, 1990, defendant's attorney forwarded a copy of these orders to Trooper Quinn of NHSP. That letter requested information as to the location of the place where the motorcycle could be picked up by defendant.

For reasons unclear, NHSP did not acknowledge receipt of counsel's June 25 letter until late July 1990. In the interim, NHSP had advised the United States Attorney for the District of New Hampshire that the state was not seeking forfeiture of the Honda motorcycle. The policy of the United States Attorney is to defer institution of federal forfeiture proceedings in favor of state forfeiture proceedings until he is notified that the state does not desire to proceed with state forfeiture.

On June 29, 1990, the United States Attorney filed a verified complaint in rem in this court, and an amended complaint in rem was filed on July 10, 1990. On July 24, 1990, Judge Loughlin issued a warrant for arrest in rem of certain of the defendant's properties, including the Honda motorcycle.

The United States Marshal withheld execution of the arrest warrant until such time as defendant could be advised of the imminent federal forfeiture proceedings. By letter of July 30, 1990, NHSP advised defendant's counsel that defendant could come to NHSP headquarters on August 1 with a copy of the state court orders, and the motorcycle would then be released, but that it would be immediately arrested by the United States Marshal.

Neither defendant nor his legal representative appeared at NHSP headquarters on August 1, 1990, and, on that date, the United States Marshal executed the arrest warrant for the motorcycle. The Marshal also executed a "Seized Property Custodial Agreement" with NHSP wherein NHSP was delegated authority to retain custody of the motorcycle pending the outcome of the federal forfeiture proceedings.

Defendant then moved in the Strafford County court to dismiss the proceedings there pending, apparently on the ground that the refusal of the NHSP to return the motorcycle to him warranted such drastic relief.[5] On November 5, 1990, Justice Nadeau denied this motion, but directed return of the Honda motorcycle or its cash equivalent to defendant within ten days. The instant proceedings seek the enjoining of such state court orders as affect possession of the Honda motorcycle.

### 2. Discussion

The defendant argues that the state court proceedings hereinabove outlined are in the nature of in rem proceedings and that, as first in time, they should be honored without interference by the federal court. The government argues that the state court proceedings were in fact proceedings in personam, and that, under the doctrine of "adoptive forfeiture", the federal court should enjoin the state court proceedings with respect to the Honda motorcycle.

The federal "All Writs" Act, 28 U.S.C. § 1651(a), provides:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

In addition to 21 U.S.C. § 881(a)(6), note 1 *supra*, the government invokes the provi-

---

4. The jewelry was returned to defendant, and it does not figure further in these proceedings.

5. The pending proceedings comprise an indictment returned against defendant Palmer for various violations of the state drug laws.

sions of 28 U.S.C. §§ 1345 and 1355 in support of its argument.[6]

It is well established that with respect to in rem proceedings "the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Penn Gen. Casualty Co. v. Pennsylvania*, 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935); *see United States v. Winston–Salem/Forsyth County Bd. of Educ.*, 902 F.2d 267, 271 (4th Cir.1990). Here, however, the New Hampshire authorities declined to proceed with forfeiture of the motorcycle, thus deferring to the federal authorities the power to do so. Under the doctrine of "adoptive forfeiture", the federal writ of arrest of the motorcycle dates back to the date the motorcycle was initially seized by state law enforcement authorities; that is, January 9, 1990. As eloquently stated by Justice Brandeis,

> It is settled that where property declared by a federal statute to be forfeited because used in violation of federal law is seized by one having no authority to do so, the United States may adopt the seizure with the same effect as if it had originally been made by one duly authorized. *The Caledonian*, 4 Wheat. 100, 101 [4 L.Ed. 523]; *Taylor v. United States*, 3 How. 197, 205 [11 L.Ed. 559]. See *United States v. One Studebaker Seven–Passenger Sedan*, 4 F. (2d) 534.

*United States v. One Ford Coupe*, 272 U.S. 321, 325, 47 S.Ct. 154, 155, 71 L.Ed. 279 (1926).

This court's jurisdiction over the motorcycle, therefore, is prior in time to any of the state court orders which purported to direct the return of the motorcycle to defendant Palmer. Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), *supra*, the court may enjoin the action of a state court where necessary to prevent interference "with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coastline R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 295, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970) (cited and quoted in *In re Baldwin–United Corp.*, 770 F.2d 328, 335 (2d Cir.1985)).

Nor is the "Anti–Injunction Act", 28 U.S.C. § 2283,[7] a bar to such proceedings, as such writ is appropriately issued when necessary to protect an in rem jurisdiction. *James v. Bellotti*, 733 F.2d 989, 993 (1st Cir.1984).

### 3. Conclusion

The various proceedings in the state courts which occurred in June and November 1990, and upon which the defendant here relies, were proceedings in the nature of in personam, and were not therefore of such type or character as to prevent the federal court, by medium of the doctrine of "adoptive forfeiture" from claiming prior jurisdiction over the motorcycle at issue. To enforce its jurisdiction, the Court will, and on this date has, issued a writ enjoining the initiation or continuance of any proceedings in the courts of the State of New Hampshire with respect to the Honda motorcycle.

SO ORDERED.

---

6. 28 U.S.C. § 1345 vests in federal district courts original jurisdiction "of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1355 vests in federal district courts original jurisdiction, exclusive of state courts "of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, ... incurred under any Act of Congress...."

7. The "Anti–Injunction Act", 28 U.S.C. § 2283, provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.