**UNITED STATES of America, Plaintiff,**

v.

**$119,000 IN U.S. CURRENCY, Defendant.**

**No. 91–00274 DAE.**

United States District Court, D. Hawaii.

July 2, 1992.

Daniel A. Bent, Sharon B. Takeuchi, Office of the U.S. Atty., Rachel T. Shimazu, for plaintiff.

Michael A. Weight, Chester Kanai, Rodney Kim, Honolulu, Hawaii, for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DECREE OF FORFEITURE

DAVID A. EZRA, District Judge.

This court heard plaintiff's motion on June 30, 1992. Beverly Wee, Assistant United States Attorney, appeared on behalf of plaintiff; Rodney H.S. Kim, Esq. appeared on behalf of claimant Ki Woon Kim. After reviewing the motion and the supporting and opposing memoranda, the court grants plaintiff's motion for summary judgment and decree of forfeiture.

### BACKGROUND

On the evening of July 17, 1990, several Honolulu Police Department ("HPD") officers stopped a black 1990 Mercedes Benz 560 SEL sedan, Hawaii license plate number DFP 174, for running a red light. The police officers discovered that the Mercedes was registered to Yeon Kun Park

who was not in the vehicle. The officers also learned that there was an outstanding state arrest warrant against Park. Claimant Ki Woon Kim ("Kim") was a passenger in the vehicle.[1]

While attempting to verify the ownership of the vehicle, the police noticed that the vehicle identification number ("VIN") located on the dashboard plate at the front windshield did not match the VIN recorded for the vehicle. After the driver of the Mercedes gave the officers permission to verify the VIN by checking the secondary VINs posted under the hood and in the trunk, HPD Sergeant Alan Anami ("Sergeant Anami") checked the VIN located in the trunk. Sergeant Anami observed a large amount of currency within a shoebox in the trunk. A trained narcotics dog indicated the existence of narcotics residue on the money.

Kim informed Sergeant Anami that he owned the money. When asked how much money was in the trunk, Kim initially stated $12,000, then $50,000, $100,000, and finally $112,000. In response to questioning by HPD Officer Alexander Ahlo ("Officer Ahlo"), Kim stated that he was going to use the money to purchase inventory for his new gift shop. Officer Ahlo asked Kim where he got the money and why he was going to use cash instead of a check. Kim did not respond to these questions. HPD eventually seized the subject currency which amounted to $119,000.

On the following day, July 18, 1990, HPD contacted Special Agent Thomas K. Aiu of the Drug Enforcement Administration ("DEA") and requested that the DEA adopt the state seizure for federal forfeiture. On that same date, HPD physically transferred the currency to the DEA.

1. Kim is an alleged drug dealer. *See* Aff. of Timothy Fitzsimmons ¶ 5 (Gov't Mem. Supp., Ex. A). Kim is currently under indictment on various charges related to trafficking crystal methamphetamine. *United States v. Ki Woon Kim, et al.,* Crim. No. 91–01954 ACK. The criminal charges against Kim include a count seeking the forfeiture of the $119,000 that is the subject of this proceeding.

2. At the April 23 hearing, Judge Kaulukukui stated:

On August 16, 1990, pursuant to Rule 41(e) of the Hawaii Rules of Penal Procedure ("HRPP"), Kim filed a "Petition for Return of Property" against the State of Hawaii ("State") and the City and County of Honolulu ("City") in the First Circuit Court of the State of Hawaii. On January 11, 1991, Judge Thomas K. Kaulukukui, Jr., held a hearing on the petition. Neither the State nor the City appeared at the hearing. On January 23, 1991, Judge Kaulukukui entered a written order granting Kim's petition for return of property (the "state court order"). Kim Mem., Ex. A. On March 11, 1992, Kim filed a motion to show cause why the HPD and certain individuals should not be held in contempt and for sanctions. On March 30, 1992, the City filed a motion to vacate the state court order. On April 23, 1992, Judge Kaulukukui orally denied both motions, but stayed enforcement of the state court order until July 1, 1992, pending this court's decision on the present motion.[2]

Separate from the state court proceedings, on May 13, 1991, the United States (the "government") filed a complaint for forfeiture giving rise to the instant action. On July 5, 1991, Kim filed an answer and a claim. No other claims or answers were filed. On October 30, 1991, default was entered against anyone, other than Kim, claiming an interest in the $119,000. On April 17, 1992, the government filed the present motion for summary judgment and decree of forfeiture.

## DISCUSSION

The present forfeiture action is brought pursuant to 21 U.S.C. § 881 which states in part:

> As regards the federal authorities I don't think there is any question that the federal court has jurisdiction over the federal forfeiture proceeding and over federal authorities. The federal court will also review, I am sure, my own ruling that I have jurisdiction and will deal with the issue of the return of property.

Transcript of Proceedings at 34. (Gov't Reply Mem., Ex. 3).

(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

.    .    .    .    .

(6) All moneys ... furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys ... used or intended to be used to facilitate any violation of this subchapter....

In accordance with 21 U.S.C. § 881(d) and 19 U.S.C. § 1615, the government must demonstrate probable cause to believe that the defendant $119,000 was subject to forfeiture under 21 U.S.C. § 881(a)(6). Such probable cause is established if the government had reasonable grounds to believe, supported by less than prima facie proof but more than mere suspicion, that the subject money was connected to a drug transaction as specified in 21 U.S.C. § 881(a)(6). *United States v. One 56–Foot Motor Yacht Named Tahuna,* 702 F.2d 1276, 1282 (9th Cir.1983).

The government contends that a finding of probable cause is supported by the following facts: (1) Kim's alleged involvement in the drug trade and his lack of any legitimate source of income; (2) Kim's possession of the large amount of cash; (3) Kim's inconsistent statements regarding the amount of money in the trunk; (4) Kim's inability to adequately explain why he had so much money in cash and the source of the money; and (5) the positive reaction of the trained drug-sniffing dog. Gov't Mem. Supp. at 5.

Once the government establishes probable cause, a claimant may defend against forfeiture by refuting the showing of probable cause or establishing that the subject property was not used in connection with the alleged illegal activity. *Tahuna,* 702 F.2d at 1281. Kim does not challenge any of the government's allegations relating to

the $119,000. Rather, Kim argues that the state court order prevents this court from considering the government's motion on the basis of lack of jurisdiction, res judicata, and estoppel.

With respect to lack of jurisdiction, Kim contends that when an in rem action is filed in both state and federal court, "the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Penn General Casualty Co. v. Pennsylvania,* 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935).[3] While this court does not dispute the validity of the *Penn General* rule, that doctrine does not apply to the facts of the present case.

■ First, the state court order does not affect this court's jurisdiction in a federal civil forfeiture proceeding. Pursuant to 28 U.S.C. § 1355, the federal district courts have exclusive jurisdiction over federal forfeiture actions. Moreover, HRPP 54(b) provides that the Hawaii Rules of Penal Procedure "shall not apply to ... forfeiture of property for violation of law."

■ Second, under the "adoptive forfeiture" doctrine, the United States' adoption of the State's seizure of Kim's cash has the same effect as if the government had originally seized the currency. *United States v. Certain Real Property Known as Lot B,* 755 F.Supp. 487, 490 (D.N.H.1990) (citing *United States v. One Ford Coupe,* 272 U.S. 321, 325, 47 S.Ct. 154, 155, 71 L.Ed. 279 (1926)). Once the federal government has taken custody of property under 21 U.S.C. § 881, such property is not repleviable, subject only to orders from the court having jurisdiction over the forfeiture proceeding. 21 U.S.C. § 881(c). Therefore, pursuant to the adoptive forfeiture doctrine, this court's jurisdiction over the currency is prior in time to any of the state court proceedings.

---

**3.** The Court also commented:

Where the judgment sought is strictly *in personam,* for the recovery of money or for an injunction compelling or restraining action by the defendant, both a state court and a federal court having concurrent jurisdiction may proceed with the litigation, at least until judgment is obtained in one court which may be set up as *res adjudicata* in the other. 294 U.S. at 195, 55 S.Ct. at 389.

■ Third, the court finds that Kim's state court action, *Ki Woon Kim v. State of Hawaii and The City and County of Honolulu*, S.P. No. 90–0319 (1st Cir.Haw.), filed under Rule 41(e) of the Hawaii Rules of Penal Procedure,[4] was an in personam, not in rem, proceeding. *See United States v. One 1986 Chevrolet Van*, 927 F.2d 39, 44–45 (1st Cir.1991) (defendant's motion for return of property in Rhode Island state court criminal case was heard pursuant to in personam, not in rem, jurisdiction); *Lot B*, 755 F.Supp. at 490 (defendant's motion for return of property in New Hampshire state court was in the nature of an in personam proceeding). *But see United States v. $2,542 in U.S. Currency*, 754 F.Supp. 378 (D.Vt.1990) (district court held that proceeding conducted pursuant to Rule 41(e) of the Vermont Rules of Criminal Procedure was quasi in rem). As such, the state court never exercised in rem jurisdiction. Even if the Rule 41(e) proceeding could arguably be characterized as an in rem proceeding, the state court did not have proper in rem jurisdiction over the defendant currency which was in federal custody at the time of the proceedings. 21 U.S.C. § 881(c).

Fourth, the Ninth Circuit has indicated that claimants can not frustrate federal forfeiture actions by filing motions for return of property under Fed.R.Crim.P. 41(e), the federal counterpart to HRPP 41(e). *United States v. Elias*, 921 F.2d 870 (9th Cir.1990); *United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1232–35 (9th Cir. 1988); *see also One 1986 Chevrolet Van*, 927 F.2d at 44–45 (in personam criminal proceeding in state court seeking recovery of seized van did not bar federal court's in

rem jurisdiction over forfeiture action concerning the van).[5]

In support of his jurisdictional argument, Kim relies on *United States v. One 1979 Chevrolet C–20 Van*, 924 F.2d 120 (7th Cir.1991). In that case, however, the transfer of the subject property violated state statutes that expressly required court approval of a transfer of seized property. *Id.* at 122. As the present case involves no such statutory violation, *One 1979 Chevrolet C–20 Van* is readily distinguishable.

■ Finally, Kim maintains that the state court order is res judicata for the present case.[6] The doctrine of res judicata, however, applies only to a new action between the same parties or their privies. *Kauhune v. Acutron Co.*, 71 Haw. 458, 795 P.2d 276, 278 (1990). The United States was not a party to the state court action.

■ Furthermore, the United States is not a privy to a party in the state court action. Under Hawaii law, a privy must have had "a right to make a defense or to control in some way the proceedings and to appeal from the judgment." *First Savings & Loan Ass'n v. First Federal Savings & Loan Ass'n*, 547 F.Supp. 988, 993 (D.Haw.1982). A major consideration in determining "privity" is whether the interests of the nonparty were adequately represented and protected in the first action. *Matter of Herbert M. Dowsett Trust*, 7 Haw.App. 640, 791 P.2d 398, 402 (1990). In the present case, the United States did not have the right to make a defense or control the state court proceedings nor did it have the right to appeal from the state court order. Moreover, the interests of the Unit-

---

4. Rule 41(e) states:

(e) *Motion for return of property and to suppress evidence.* A person aggrieved by an unlawful search and seizure may move the court having jurisdiction to try the offense for the return of the property, or to suppress for use as evidence anything so obtained, or both. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial.

5. Additionally, the court notes that if it were to adopt Kim's position, it would be setting a dangerous precedent which would encourage claimants to circumvent federal forfeiture proceedings by running to state court and filing HRPP 41(e) motions.

6. The court notes that Kim failed to assert the affirmative defense of res judicata in his answer. Furthermore, the jurisdictional discussion above may render the res judicata issue moot. Nonetheless, the court will briefly address Kim's res judicata contention.

ed States were not adequately represented as neither the State nor the City opposed Kim's Rule 41(e) petition nor did they appear at the hearing on January 11, 1991. Accordingly, the court finds that the state court order does not have any preclusive effect on the instant forfeiture action.

## CONCLUSION

For the reasons stated above, the court GRANTS the government's motion for summary judgment and decree of forfeiture.

IT IS SO ORDERED.