MOORE, Judge.
H.A. Cox and Lashun Hutson appeal from a summary judgment entered by the Lowndes Circuit Court (“the trial court”) in favor of Michael Dale Bennett in an action initiated by the filing of Bennett’s complaint requesting the return of his personal property that had been seized by the Lowndes County Sheriffs Department. We reverse and remand.

Facts and Procedural History

On June 5, 2012, Bennett filed a complaint against Lowndes County, Cox and “L. Hutson” in their official capacities, and “unknown Lowndes County law enforcement officers” in their official capacities, seeking the release and return of $19,855 in United States currency (“the property”) that had been seized by the Lowndes County Sheriffs Department or. its agents pursuant to Ala.Code 1975, § 20-2-93(b). In his complaint, Bennett asserted, among other things, that his property had been seized by officers of the Lowndes County Sheriffs Department during a search of the automobile Bennett was a passenger in on September 2, 2011; that no forfeiture or condemnation action had been promptly filed pursuant to Ala.Code 1975, § 20-2-93(c), thereby depriving Bennett of due process of law; and that he was entitled to the return of the property.
On July 17, 2012, Lowndes County, Cox, and Hutson filed a joint motion to dismiss. On July 25, 2012, Bennett filed a motion to amend his complaint to clarify the names of the individual defendants as Henry A. Cox and Lashun Hutson, an investigator with the sheriffs department. On January *1159 16, 2013, Bennett filed a motion- for a summary judgment; Cox and Hutson filed a response to Bennett’s summary-judgment motion, asserting, among other things, that the property was in the possession of the United States government and that a federal forfeiture proceeding regarding the property was pending. On February 14, 2013, Bennett filed a motion to dismiss Lowndes County as a defendant. On May 3, 2013, Cox and Hutson filed a supplemental response to Bennett’s summary-judgment motion; they also filed a cross-motion for a summary judgment.
On May 29, 2013, the trial court entered a judgment granting Bennett’s motion to dismiss Lowndes County as a defendant and entering a summary judgment in favor of Bennett. On June 7, 2013, Cox and Hutson filed a postjudgment motion and a motion to stay enforcement of the trial court’s judgment; that motion was denied by operation of law on September 5, 2013. See Rule 59.1, Ala. R. Civ. P. Cox and Hutson timely filed their notice of appeal to this court.

Standard of Review

“This Court’s review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the triar court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the non-movant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986).' Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989); Ala.Code 1975, § 12-21-12. ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala.1989).”
Dow v. Alabama Democratic Party, 897 So.2d 1035,1038-39 (Ala.2004).

Discussion

Cox and Hutson argue on appeal, among other things, that, because the property was not within the reach of the trial court, the trial court did not have in rem jurisdiction in this case. We find this argument dispositive.
Cox and Hutson argue that the trial court did not have in rem jurisdiction in this case because, they say, in rem jurisdiction had vested in the United States District Court for the Middle District of Alabama before Bennett filed his complaint in the trial court.
Attached to Cox and Hutson’s response to Bennett’s summary-judgment motion is a copy of a verified complaint for forfeiture in rem filed by the United States of America in the United States District Court for the Middle District of Alabama, seeking to forfeit and condemn the $19,855 that had been seized from Bennett. In that complaint, which indicates that it was filed in the federal district court on February 17, 2012, the United States asserted that the property was, at the time of filing, “in the custody of the United States Marshals Service, Montgomery, Alabama.” That complaint further stated, in pertinent part:
*1160 “3. This Court has in rem jurisdiction over the ... property under 28 U.S.C. § 1355(b). Moreover, the Court will have control over the ... property pursuant to the service of an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the United States will execute upon the ... property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c) [of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions].”
Cox and Hutson also attached to their response to Bennett’s summary-judgment motion a supplemental motion to dismiss that had been filed by Bennett in the federal case. In that supplemental motion, which indicates that it was filed in the federal district court on May 9, 2012, Bennett states, in pertinent part:
“3. Sometime between September 2, 2011, and February 7, 2012, a Lowndes County Deputy Sheriff contacted the United States Drug Enforcement Administration, hereinafter ‘DEA’ and transferred the res to the DEA for forfeiture purposes.”
Cox and Hutson assert, citing Green v. City of Montgomery, 55 So.3d 256 (Ala.Civ.App.2009), that the res in the present case — i.e., the property — had come under federal control before the institution of the action in the trial court. In Green, this court stated that, “[s]o long as the state court has not exercised in rem jurisdiction, federal jurisdiction begins the moment the res is controlled by federal agents.” 55 So.3d at 263. According to Bennett’s assertions in his supplemental motion to dismiss filed in the federal case, the property in the present case was in the control of federal agents before Bennett filed his complaint in the trial court. With regard to the circumstances in Green, this court further determined:
“The federal government controls the res when it is ‘taken or detained’ during a time when no other court has jurisdiction over the res. As applied to this case, ‘property taken’ refers to the actual possession by United States Marshals.”
Id. at 264. This court further made clear in Green that,
“[i]n order for an Alabama court to acquire jurisdiction, the res must be ‘ “validly seized and brought within the control of the court.” ’ Garrett v. State, 739 So.2d 49, 52 (Ala.Civ.App.1999) (quoting City of Gadsden v. Jordan, 760 So.2d 873, 875 (Ala.Civ.App.1998), reversed on other grounds, 760 So.2d 877 (Ala.1999)) (emphasis omitted). For the res to be within the control of the court, the court ‘must have actual or constructive control of the res when an in rem forfeiture suit is initiated.’ Republic Nat’l Bank of Miami v. United States, 506 U.S. 80, 87, 113 S.Ct. 554, 121 L.Ed.2d 474 (1992).”
Id. at 260.
In City of Montgomery v. Vaughn, 138 So.3d 996, 1003 (Ala.Civ.App.2013), forfeiture proceedings were commenced in federal district court against money that had been seized from Sylvester Vaughn by the Montgomery Police Department. The forfeiture proceedings in the federal district court were commenced before Vaughn filed an action in the Montgomery Circuit Court alleging that prompt proceedings to forfeit the money to the State had not been initiated and seeking a return of the money. In Vaughn, this court quoted from the federal district court’s memorandum opinion discussing Vaughn’s assertion in that court that the federal district court was precluded from exercising in rem jurisdiction over the money because, he said, the state circuit court had exercised preexisting in rem jurisdiction over the property pursuant to Ala.Code 1975, § 20-2-93(b):
“In a memorandum opinion issued on July 20, 2009 (1 year and 28 days before *1161 Vaughn filed his state-court action for return of the property on the same grounds), the federal district court in [.United States v. Six Thousand Two Hundred Seven Dollars ($6,207.00) in United States Currency, (No. 2:08-CV-999-MEF, July 20, 2009) (M.D.Ala.2009) (not reported in F.Supp.2d),] addressed, and rejected, both arguments. That court stated:
“ ‘[Vaughn argues that] when the Montgomery, Police seized the ... currency, in rem jurisdiction vested in the Circuit Court of Montgomery County. Therefore, the argument continues, because it is well established that “the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other,” Penn Gen. Casualty Co. v. Pennsylvania, 294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850 (1935), this Court lacks jurisdiction.
‘“Vaughn’s argument fails because of the doctrine of adoptive forfeiture. “[U]nder the ‘adoptive forfeiture’ doctrine, the United States’ adoption of the State’s seizure of [the plaintiffs’] cash has the same effect as if the government had originally seized the currency.” U.S. v. $119,000 in U.S. Currency, 793 F.Supp. 246, 249 (D.Haw.1992). Adoptive forfeiture was incorporated from the common law into American jurisprudence by Justice Story ⅛1 Taylor v. United States, 3 How. (44 U.S.) 197, 205, 11 L.Ed. 559 (1845):
“ ‘ “At the common law any person may, at his peril, seize for a forfeiture to the government, and, if the government adopts his seizure, and institutes proceedings to enforce the forfeiture, and the property is condemned, he will be completely justified. So that it is wholly immaterial in such a case who makes the seizure, or whether it is irregularly made or not, or whether the cause assigned originally for the seizure be that for which the condemnation takes place, provided the adjudication is for a sufficient cause.”
[[Image here]]
“ ‘Vaughn argues principally that this Court lacks jurisdiction over the ... currency because jurisdiction first vested in the Circuit Court of Montgomery County, Alabama. It is well established that with respect to in rem proceedings “the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other.” Penn Gen. Casualty Co. v. Pennsylvania, 294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850 (1935); see [United States v.] Winston-Salem/Forsyth County [Bd. of Educ.], 902 F.2d [267,] 271 [ (4th Cir.1990) ]. However, under the doctrine of adoptive forfeiture, the date of the seizure dates back to the date the ... currency was initially seized by the Montgomery Police Department; it is as if federal authorities originally executed the seizure. See, e.g., U.S. v. Certain Real Property Known as Lot B Governor’s Rd., Milton, NH, 755 F.Supp. 487, 490 (D.N.H.1990); see also Jeffers v. U.S., 187 F.2d 498, 504 (D.C.Cir.1950) (“The Government may adopt the seizure with the same effect as if it had originally been made by one duly authorized.”). As a consequence, jurisdiction vested in this Court at the time of the seizure, and the Circuit Court of Montgomery County never had in rem jurisdiction over the ... currency. See $119,000, 793 F.Supp. at 249; see also 3 Criminal Practice Manual § 107:67 (2009) (“In an adoptive forfeiture, the state or local seizing agency turns the property over to federal *1162 authorities for forfeiture, and the state or local authorities do not take affirmative steps to seek forfeiture. After a federal agency adopts a state or local seizure, the property is deemed to have been seized by the federal government, and is thus subject to exclusive federal jurisdiction as of the date of seizure.”).’ ”
In the present ease, it appears, based on the assertions made by Bennett in the federal-court action, that the doctrine of adoptive forfeiture applied in the present case such that jurisdiction had vested in the federal district court and, therefore, the trial court never acquired in rem jurisdiction over the property. We therefore reverse the trial court’s judgment and remand the cause with instructions to the trial court to vacate its summary judgment in favor of Bennett.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.