REL: 10/31/2014

Notice: This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2014-2015

_____

### 1131440

_____

### Ex parte Michael Dale Bennett

### PETITION FOR WRIT OF CERTIORARI
### TO THE COURT OF CIVIL APPEALS

### (In re:  H.A. Cox and Lashun Hutson

### v.

### Michael Dale Bennett)

### (Lowndes Circuit Court, CV-12-900024;
### Court of Civil Appeals, 2121053)

WISE, Justice.

WRIT DENIED.  NO OPINION.

1131440

Stuart, Bolin, Parker, Murdock, Shaw, Main, and Bryan, JJ., concur.

Moore, C.J., dissents.

1131440

MOORE, Chief Justice (dissenting).

On June 5, 2012, Michael Dale Bennett filed a complaint against Officer H.A. Cox and Officer Lashun Hutson of the Lowndes County Sheriff's Department ("the sheriff's department"), in their official capacities, seeking the release and return of $19,855 in cash he claimed belonged to him. Bennett alleged that on September 2, 2011, officers of the sheriff's department had seized the cash during a search of a vehicle in which he was a passenger. Both Bennett and the driver were arrested and brought to the sheriff's department; the driver was held pursuant to an outstanding warrant, and Bennett was released. Bennett argued in his complaint that no forfeiture or condemnation action had been promptly filed against the cash as required by § 20-2-93(c), Ala. Code 1975, and that, therefore, he was entitled to have the cash returned to him.

In response to a motion for a summary judgment filed by Bennett, Cox and Hutson claimed that the federal government was then in possession of the cash and that a federal forfeiture proceeding was pending. The trial court granted Bennett's motion for a summary judgment. Cox and Hutson

3

appealed to the Court of Civil Appeals, which reversed the judgment of the trial court. Cox v. Bennett, [Ms. 2121053, May 16, 2014] ___ So. 3d ___ (Ala. Civ. App. 2014). The Court of Civil Appeals held that "the doctrine of adoptive forfeiture applied in the present case such that jurisdiction had vested in the federal district court and, therefore, the trial court never acquired in rem jurisdiction over the property." ___ So. 3d at ___. Bennett now petitions for a writ of certiorari to review the Court of Civil Appeals' decision.

In his petition, Bennett argues, among other things, that § 20-2-93 does not permit state or local law-enforcement officials to transfer seized property to the federal government to initiate a federal forfeiture proceeding in order to avoid the stricter forfeiture laws in state court. Bennett also argues that this issue is one of first impression for this Court. Section 20-2-93(d) provides:

"(d) Property taken or detained under this section shall not be subject to replevin but is deemed to be in the custody of the state, county or municipal law enforcement agency subject only to the orders and judgment of the court having jurisdiction over the forfeiture proceedings. When property is seized under this chapter, the state, county or municipal law enforcement agency may:

"(1) Place the property under seal;

4

1131440

"(2) Remove the property to a place designated by it;

"(3) Require the state, county or municipal law enforcement agency to take custody of the property and remove it to an appropriate location for disposition in accordance with law; and

"(4) In the case of real property or fixtures, post notice of the seizure on the property, and file and record notice of the seizure in the probate office."

(Emphasis added.)

It appears that the sheriff's department transferred Bennett's cash to the federal government in order that the federal government could institute a federal forfeiture proceeding. The Court of Civil Appeals previously has described this process, known as "adoptive seizure," as follows:

"The adoptive-seizure process begins when state or local authorities seize property as part of a criminal investigation or arrest. Generally, the state or local officials either make a determination that forfeiture is not possible under state law or conclude that it is advantageous to them to transfer the matter to federal authorities for a federal administrative forfeiture proceeding. See I.R.S. Manual 9.7.2.7.3 (July 25, 2007); Asset Forfeiture Law, Practice, and Policy, Asset Forfeiture Office, Criminal Division, United States Department of Justice, Vol. I (1988) at 38 (cited in Johnson v. Johnson, 849 P.2d 1361, 1363 (Alaska 1993)). Once

5

state or local officials have determined that an adoptive seizure is advantageous, they file a request with federal authorities. The appropriate federal agency then decides whether to accept or reject the request. If the adoptive-seizure request is accepted, the property is taken into the custody of federal agents and federal administrative forfeiture proceedings begin. At the successful conclusion of those proceedings, usually 80% of the forfeited property is given back to the state or local agency."

Green v. City of Montgomery, 55 So. 3d 256, 258 (Ala. Civ. App. 2009).

On its face, § 20-2-93(d) does not explicitly authorize state or local law-enforcement officials to transfer, or forbid them from transferring, seized property to federal law-enforcement officials. The only portion of the statute that arguably could authorize such a transfer is § 20-2-93(d)(3), which allows state or local law-enforcement officials "to take custody of the property and remove it to an appropriate location for disposition in accordance with law." One could reason, as the Court of Civil Appeals did in Green, that the phrase "in accordance with law" does not necessarily mean in accordance with Alabama law and therefore that the transfer is valid if it is in accordance with federal law. See Green, 55 So. 3d at 261. However, this Court has held that, in

6

1131440

construing a statute, "[i]f a literal construction would produce an absurd and unjust result that is clearly inconsistent with the purpose and policy of the statute, such a construction is to be avoided." City of Bessemer v. McClain, 957 So. 2d 1061, 1075 (Ala. 2006). See also 1 William Blackstone, Commentaries *60-62; Ex parte Baker, 143 So. 3d 754, 757-59 (Ala. 2013) (Moore, C.J., dissenting and explaining Blackstone's view of equity in interpreting statutes).

As the Court of Civil Appeals noted in Green, the adoptive-seizure process is used when "state or local officials either make a determination that forfeiture is not possible under state law or conclude that it is advantageous to them to transfer the matter to federal authorities for a federal administrative forfeiture proceeding." Green, 55 So. 3d at 258 (emphasis added). If forfeiture is not possible under state law, then would it not be absurd to construe § 20-2-93(d)(3) to allow state or local law-enforcement officials to circumvent state law by transferring the seized property to federal law-enforcement officials for a proceeding not allowed under state law? Moreover, if state or local law-enforcement

7

1131440

officials could not obtain a person's seized property under state law, would it not be unjust for the state or local government entity to transfer that property to the federal government for forfeiture and then be given 80 percent of the property back? These concerns compel me to find a probability of merit to Bennett's first-impression argument,[1] although I would also like to hear arguments from the State regarding the construction of § 20-2-93. Therefore, I would grant the petition for a writ of certiorari in order to fully examine what I believe to be an issue of first impression.

---

[1]Although this Court repeatedly has addressed the issue of adoptive forfeitures, it never has considered the specific question whether § 20-2-93 authorizes state or local law-enforcement officials to transfer seized property to federal authorities to commence a federal forfeiture proceeding. Although this Court denied certiorari review in Green, in which the Court of Civil Appeals addressed this issue, this Court conducts only a "preliminary examination" when it is determining whether to grant a petition for a writ of certiorari. Rule 39(f), Ala. R. App. P. Because this Court has never conducted a full examination of the issue, it remains an issue of first impression.

8