**Lois Cleon Shelton AUBUCHON, Appellant,**

v.

**STATE OF MISSOURI, Appellee.**

No. 80–1314.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 2, 1980.

Decided Oct. 8, 1980.

Lois Cleon Shelton Aubuchon, pro se.

John Ashcroft, Atty. Gen., J. Michael Davis, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before ROSS, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

Lois Aubuchon appeals pro se the dismissal of her § 1983 action against the State of Missouri. Aubuchon sought relief and damages from a 1975 state court judgment which she alleges violated her constitutional rights. The state court proceeding involved the probate of her father's estate. During that proceeding a third party successfully challenged the validity of the marriage of Aubuchon's parents. The Circuit Court of Dent County held that Aubuchon failed to establish the existence of a valid common law marriage between her parents and could not inherit under her father's will.

We affirm the judgment of the district court 487 F.Supp. 529 dismissing Aubuchon's complaint without prejudice to any remedies available to her under state law.

 Title 42 U.S.C. § 1983 is directed at individuals acting under *color of state law*, not individual states. The State of Missouri is not a proper party to an action brought under § 1983. *Milton v. Nelson*, 527 F.2d 1158 (9th Cir. 1976); *Neal v. Georgia*, 469 F.2d 446, 448 (5th Cir. 1972); *Meyer v. New Jersey*, 460 F.2d 1252, 1253 (3d Cir. 1972); *Collins v. Florida*, 432 F.2d 60, 61 n.5 (5th Cir. 1970); *Stewart v. Minnick*, 409 F.2d 826 (9th Cir. 1969). It appears that the only individual Aubuchon could have named *as a party in this action* was the state court judge, who is protected by the doctrine of judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

Accordingly, we affirm the dismissal of the action by the district court.