MICHIGAN STATE POLICE v 33rd DISTRICT COURT

Docket No. 68929. Submitted June 6, 1984, at Grand Rapids.—Decided October 16, 1984.

Police officers from the Trenton Police Department and the Michigan State Police executed a search warrant and seized $13,983 in cash, a quantity of drugs, some guns and personal papers from the home of Mira and Ronald Cayce. The money was delivered to the Federal Drug Enforcement Agency. At a preliminary examination in the 33rd District Court, the Cayces challenged the validity of the search warrant, moved to suppress the evidence seized, and sought the return of all property seized. Pending a decision on those motions, the United States filed a forfeiture action against the Cayces under federal drug enforcement laws, claiming the $13,983. The district court, Andrea J. Ferrera, J., issued an order finding the search warrant invalid, suppressing the evidence, dismissing the charges against the Cayces and ordering the return of the $13,983. The Michigan State Police and its officers filed a complaint against the 33rd District Court, Judge Ferrara, and Mira Cayce in Ingham Circuit Court seeking an order of superintending control. The circuit court, Richard D. Dunn, J., issued an opinion and order finding that the money in question was the subject of a federal forfeiture action, that it was within the exclusive jurisdiction of the federal courts and that the order of the state district court was thus void for lack of jurisdiction to the extent that it concerned the money. Mira Cayce appeals. *Held:*

1. The order of superintending control was properly issued.

2. The district court was without authority to dispose of the money in question.

3. The district court was without subject matter jurisdiction

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 116.
   52 Am Jur 2d, Mandamus §§ 21, 30, 313.
[2] 20 Am Jur 2d, Courts §§ 113-115.
[3] 36 Am Jur 2d, Forfeitures and Penalties § 1.
[4] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 27.24 *et seq.*
   36 Am Jur 2d, Forfeitures and Penalties §§ 13, 14.

in this case because the money had been turned over to federal authorities.

Affirmed.

1. SUPERINTENDING CONTROL — APPEAL — REMEDIES.

An order of superintending control is not available to a party having an adequate remedy by appeal (GCR 1963, 711.2, 711.4[b]).

2. SUPERINTENDING CONTROL — JURISDICTION — STANDING.

An order of superintending control in the nature of what was formerly known as a writ of prohibition was appropriate in an action by the Michigan State Police wherein it was asserted that a district court exceeded its jurisdiction in ruling that money confiscated from persons prosecuted on drug charges must be returned to them where the district court ruled that the search warrant in the case was invalid, suppressed the evidence, and dismissed the charges against the accuseds; the order of superintending control was available to the Michigan State Police since it was not a party to the prosecution of the accuseds and therefore had no standing to appeal the district court's order.

3. FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES — MONIES SEIZED.

Monies exchanged for a controlled substance or traceable to such an exchange are subject to forfeiture to the United States even in the absence of any federal prosecution relating to that money and even where the seizure of the money subject to forfeiture is subsequently found to be unlawful (21 USC 881[a][6]).

4. FORFEITURES AND PENALTIES — ACTS OF CONGRESS — FEDERAL DISTRICT COURTS — JURISDICTION.

Federal district courts have original and exclusive jurisdiction over actions for the enforcement of any forfeiture authorized under an act of Congress (28 USC 1355).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas C. Johnson,* Assistant Attorney General, for the plaintiff.

*Finn & Van Dusen* (by *William H. Van Dusen, Jr.),* for defendant.

Before: J. H. Gillis, P.J., and M. J. Kelly and C. H. Mullen,* JJ.

Per Curiam. Defendant Mira Cayce appeals as of right from a circuit court order granting plaintiffs' request for superintending control. We affirm.

The relevant facts are not in dispute. On October 20, 1981, police officers from the Trenton and Michigan State Police Departments, jointly operating under the umbrella agency of Downriver Area Narcotics Officers (DRANO), executed a search warrant and seized from the home of Mira and Ronald Cayce $13,983 along with a quantity of marijuana and LSD. On November 20, 1981, DRANO delivered the money to the Federal Drug Enforcement Agency (DEA). On December 8, 1981, a preliminary examination was conducted in the 33rd District Court before Judge Andrea Ferrara, at which time defendants Ronald and Mira Cayce challenged the validity of the search warrant and moved to suppress all evidence seized in the execution of that warrant. The Cayces also sought the return of all property seized. Prior to Judge Ferrara's decision on the motions, the United States on February 8, 1982, filed a forfeiture action against the Cayces under federal drug enforcement laws, claiming the $13,983 seized pursuant to the warrant. 21 USC 881(a)(6).

On March 2, 1982, Judge Ferrara issued an order finding the search warrant invalid, suppressing all evidence seized in the execution of that warrant, dismissing the charges against the Cayces and generally ordering the immediate return of all property and money seized. Upon further motions and hearings, Judge Ferrara on August 9, 1982, clarified her order as follows:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"It is hereby ordered that all property of the defendants seized pursuant to the search warrant issued in this case be returned to them excepting the items of contraband so seized, but including all personal papers, guns and money so seized, and that the items of personal property so enumerated be returned to the defendants no later than 30 days from the effective date of this order, effective immediately.

"It is further ordered that the DRANO agency which originally seized the subject personal property including cash in the amount of $13,983.00 is in fact responsible for the immediate return of said property whether or not it is currently in their possession."

On September 13, 1982, the Michigan State Police "and its officers" filed a complaint for superintending control in circuit court, challenging the district court's order to return the money. On December 17, 1982, the circuit court issued an opinion and order finding that the money in question was the subject of a federal forfeiture action, that it was within the exclusive jurisdiction of the federal courts and that the order of the state district court was thus void for lack of jurisdiction to the extent that it concerned the money. Only defendant Mira Cayce appeals from that order.

On April 4, 1983, the United States Federal District Court for the Eastern District of Michigan issued an order forfeiting the $13,983 to the United States. *United States v $13,983,* Docket No. 8270429.

Defendant first contends that an action of superintending control is not available to plaintiffs because plaintiffs could and should have directly appealed the district court order. We agree that where a party has an adequate remedy by appeal, an order of superintending control is not available. GCR 1963, 711.2 and 711.4(b); *East Jordan Iron Works v WCAB,* 124 Mich App 324, 330-332; 335

NW2d 23 (1983); *Moore v Ninth Dist Judge,* 69 Mich App 16, 18-19; 244 NW2d 346 (1976), *lv den* 397 Mich 848 (1976). In this case, however, neither DRANO nor the plaintiffs were parties to the action out of which the district court order issued. Plaintiffs thus had no standing to appeal that order. Because plaintiffs assert that the 33rd District Court has exceeded its jurisdiction, an order of superintending control in the nature of what was formerly known as a writ of prohibition is appropriate. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 681; 194 NW2d 693 (1972).

We now turn to the merits of defendant's claim on appeal. Defendant contends that MCL 780.655; MSA 28.1259(5) creates a duty on the part of the police officers to return to her any money seized in the execution of the invalid search warrant. MCL 780.655; MSA 28.1259(5) provides in relevant part:

"When an officer in the execution of a search warrant finds any property or seizes any of the other things *for which a search warrant is allowed by this act,* the officer, in the presence of the person from whose possession or premises the property or thing was taken, if present, or in the presence of at least 1 other person, shall make a complete and accurate tabulation of the property and things so seized. * * * The property and things so seized shall be safely kept by the officer so long as necessary for the purpose of being produced or used as evidence on any trial. As soon as practicable after trial, stolen or embezzled property shall be restored to the owner thereof. Other things seized under the warrant shall be disposed of under direction of the court or magistrate, *except that moneys and other useful property shall be turned over to the state, county or municipality, the officers of which seized the property under the warrant.* Such moneys shall be credited to the general fund of the state, county or municipality." (Emphasis added.)

The defendant's reliance on this statute is inap-

propriate. We do not believe that the Legislature intended under MCL 780.655; MSA 28.1259(5) to create an automatic right to the return of money seized in the execution of a search warrant subsequently found to be invalid. Initially, we infer from the language "search warrant * * * allowed by this act" that the statute was intended to apply to property legally seized. Moreover, MCL 780.655; MSA 28.1259(5) expressly provides that *monies* seized "shall be turned over to the state, county or municipality, the officers of which seized the property under the warrant". Thus, the district court is without the authority to dispose of money in its discretion.

In any event, even if we were to assume, as defendant argues, that MCL 780.655; MSA 28.1259(5) creates a right on her part to the return of the money, the circuit court held that the state district court was without subject matter jurisdiction in this case because the money had been turned over to federal authorities. We agree. 21 USC 881(a)(6) provides that monies exchanged for a controlled substance or traceable to such an exchange are subject to forfeiture to the United States. "[N]o property right shall exist in" such money. 21 USC 881(a). The property and monies described in § 881 are subject to forfeiture even in the absence of any federal prosecution relating to that property or money, *United States v One 1976 Buick Skylark, 2-Door Coupe, Vehicle I.D. #4W27C6K148647,* 453 F Supp 639 (D Colo, 1978), and even where the seizure of the property subject to forfeiture is subsequently found to be unlawful. *United States v $88,500,* 671 F2d 293 (CA 8, 1982). Moreover, pursuant to 28 USC 1355, federal district courts have original and exclusive jurisdiction over actions for the enforcement of any forfeiture authorized under an act of Congress. We hold that,

because the defendant's $13,983 was properly the subject of a forfeiture action in federal district court, the state district court was without jurisdiction to order its disposition.

Affirmed.