**John W. CAIN, Plaintiff–Appellant,**

v.

**Robert W. RICHART and Glenn R. Gulick, Jr., Defendants–Respondents.**

**No. 15954.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 13, 1989.

John W. Cain, Joplin, pro se.

Ron Mitchell, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for Richart.

Stephen H. Snead, Mann, Walter, Burkart, Weathers & Walter, Springfield, for Gulick.

HOGAN, Judge.

Plaintiff John W. Cain, acting pro se, brought this action against defendants Richart and Gulick. Plaintiff's action is an action for recovery of damages on account of defendant's negligence, breach of fiduciary duty and breach of contract. Both defendants moved the court for summary judgment pursuant to Rule 74.04. On July 5, 1988, summary judgment was entered for defendant Gulick; on September 28, 1988, summary judgment was entered for defendant Richart. Plaintiff thereafter appealed to this court.

Both defendants have moved the court to dismiss the appeal for failure to comply with the requirements of Rule 84.04. The plaintiff's only response to the motion was a document styled an "Answer to Defendants–Respondents' Motion to Dismiss Appeal Motion to Quash With Suggestions in Support Of." We have concluded, for several reasons, that the appeal must be dis-

missed for failure to comply with the requirements of Rules 81.12 and 84.04.

█ Present Rule 81.12(a) provides that the record on appeal "... shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented...." It is, therefore, the duty of the appellant to file a transcript and prepare a legal file so that the record contains all the evidence necessary for a determination of questions presented to the appellate court for a decision. *Delf v. Cartwright,* 651 S.W.2d 622, 623–24[1–3] (Mo.App.1983). The record before us in this case is little more than a loose collection of papers which appear to have been taken from several different cases. Such a record does not constitute a proper legal file and does not comply with Rule 81.12(b). See *Cummins v. Public Health and Welfare,* 468 S.W.2d 663, 664 (Mo.App.1971). We cannot ascertain, upon the record before us, what was presented to the trial court.

Further, the appellant's brief is totally inadequate. His "Statement of Fact" consists of one argumentative paragraph. Rule 84.04(c) calls for a "fair and concise statement of the facts relevant to the questions presented for determination without argument." This rule was intended to afford the appellate court an immediate, accurate, complete and unbiased understanding of the facts of the case. *Wipfler v. Basler,* 250 S.W.2d 982, 984[3] (Mo.1952); *Labor Discount Center, Inc. v. State Bank & Trust Company of Wellston,* 526 S.W.2d 407, 428[33] (Mo.App.1975). Although few briefs received in this court comply fully with Rule 84.04(c), the "Statement of Facts" in the appellant's brief is egregiously inadequate. The court is left to ascertain the nature of the controversy for itself.

The appellant's "Points Relied On" are defective in two respects. The first point clearly misstates the record. In his first point, the appellant states that the trial court erred in granting summary judgment without allowing discovery. The legal file indicates, nevertheless, that the appellant's deposition was taken and there are no unanswered interrogatories or other indications that discovery was not complete when the motion for summary judgment was granted. The second point states that the trial court erred in granting summary judgment because it was impossible for the trial court to be impartial "with appellant acting as counsel pro se." In the "Argument" part of the brief, this last point is buttressed by allusion to matters not in the record. The "Points Relied On," to the extent they accurately reflect the record, are little more than general assertions that the trial court reached the wrong result.

█ Inadequate briefs are not uncommon, but an appellate court cannot become an advocate for one of the parties and it is not our duty to search the evidence in an effort to find some theory, and facts in support thereof, to establish general assertions that the trial court reached an incorrect result. *Schlanger v. Simon,* 339 S.W.2d 825, 828 (Mo.1960). With deference, the appellant's brief in this case is little more than an incoherent invitation to search the record for error. As our Supreme Court stated in *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978):

"... When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case ... on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency.... In addition to being inherently unfair to the other party to the appeal, it is unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be devoted to expeditious resolution of their appeals."

In this case, we have been presented, in lieu of a brief, with an invitation to examine the record for error. We decline the invitation. The appeal is dismissed.

PREWITT, Acting P.J., and MAUS, J., concur.