Earnest CONROD, Jr.,
Plaintiff–Respondent,

v.

The MISSOURI STATE HIGHWAY PATROL, Defendant–Appellant.

No. 16929.

Missouri Court of Appeals,
Southern District,
Division One.

May 6, 1991.

Motion for Rehearing or Transfer to Supreme Court Denied
May 28, 1991.

Application to Transfer Denied
July 23, 1991.

---

James M. McClellan, Demptster, Barkett & McClellan, Sikeston, for plaintiff-respondent.

William L. Webster, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for defendant-appellant.

MAUS, Presiding Judge.

By his petition in three counts, each alleging a different theory of recovery, plaintiff Earnest Conrod, Jr., sought a judgment against the Missouri State Highway Patrol and Roger B. Davis, as a member of the Missouri State Highway Patrol, for $10,750. In general, the petition was based upon the alleged illegal seizure of that amount of currency from the plaintiff. The trial court entered a summary judgment for that amount against the Missouri State Highway Patrol. The Missouri State Highway Patrol appealed. The appeal was, by order of this Court, held in abeyance because there had been no adjudication of the plaintiff's claim against Roger B. Davis. Subsequently, the plaintiff dismissed his petition as against Roger B. Davis. The appeal of the Missouri State Highway Patrol was submitted upon the April 1991 docket.

Count I alleged the plaintiff was traveling on I-55 in Scott County, Missouri, when he was stopped for a speeding violation and taken to the Scott County Sheriff's Office. He further alleged "the defendant Roger B. Davis, in concert with the defendant, Missouri State Highway Patrol" illegally seized $10,750 in U.S. currency from the plaintiff. The prayer was for an order of the court requiring delivery of said funds to the plaintiff. Count II alleged the action of the defendants violated the Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution and therefore violated 42 U.S.C. Section 1983. The prayer was for a judgment in the amount of $10,750 plus interest, and reasonable attorney fees. Count III alleged that by their actions the defendants converted the $10,750 in currency. The prayer was for a judgment for $10,750.

According to the Docket Sheet, which is a part of the Legal File, the summons to the Missouri State Highway Patrol was served by delivering it to the secretary of

the superintendent of the Missouri State Highway Patrol. The Attorney General filed a joint answer on behalf of the Missouri State Highway Patrol and Roger B. Davis. The answer was in poor form as it did not respond in separate counts directed to the counts of the petition. The answer in general terms alleged and admitted the plaintiff was arrested for a speeding violation, that $10,750 in currency was discovered in a "pat down" search and was seized by Roger B. Davis. The answer further alleged several affirmative defenses including sovereign immunity, official immunity, collateral estoppel or res judicata, and seizure upon probable cause.

The Missouri State Highway Patrol and Roger B. Davis filed a motion for summary judgment with extensive suggestions in support of that motion. The motion was subsequently supported by verified evidentiary material. That evidentiary material established the facts alleged in the pleadings and the following additional facts. That upon questioning, the plaintiff and his mother gave conflicting accounts of the source of the currency carried by the plaintiff. A narcotics dog was brought to the scene. The dog searched the car and found nothing, but the dog did indicate the currency had drugs on it. Davis turned the money over to the Drug Enforcement Administration (DEA) of the United States Department of Justice. The evidentiary material also established that the DEA followed the procedure outlined in 21 U.S.C. § 881 and regulations issued pursuant thereto to establish a forfeiture of that currency. Such proceedings were consummated by the forfeiture of the currency to the United States.

Subsequently, the plaintiff filed a motion for summary judgment. The ground alleged was "that the defendants admit that following plaintiff's arrest for the speeding violation that defendant, Roger B. Davis seized currency from plaintiff in the sum of $10,750.00 and there is no lawful authority for said seizure and furthermore, that the Drug Enforcement Administration does not have original exclusive jurisdiction over this matter, that plaintiff is not collaterally estopped to proceed by any determination made by [the] Drug Enforcement Administration". Without reference to the counts of the petition, the motion prayed for judgment against the defendants in accordance with Rule 74.01. The evidentiary material accompanying plaintiff's motion in general confirmed the facts previously recited.

The judgment of the trial court appealed from recites that on March 12, 1990, the plaintiff appeared by counsel and the defendants appeared by counsel "for hearing on plaintiff's Motion for Summary Judgment and defendant's Motion for Summary Judgment". The trial court found that "following plaintiff's arrest for a speeding violation that defendant Roger B. Davis, while in his course of employment with the Missouri State Highway Patrol, did seize United States currency from plaintiff in the sum of $10,750.00 and furthermore the Court finds that there was no lawful or justifiable reason for defendant Roger B. Davis, acting as the agent, servant and employee for the Missouri State Highway Patrol, to seize said currency in the sum of $10,750.00. Furthermore, the Court finds that this Court has exclusive jurisdiction to determine this matter and it is not bound by any administrative determination entered by the Drug Enforcement Administration." The trial court then granted "summary judgment against defendant Missouri State Highway Patrol alone because there is no genuine issue as to any material fact".

The remaining defendant in this action is the Missouri State Highway Patrol. The plaintiff and the Attorney General have assumed the Missouri State Highway Patrol is a legal entity and may be sued in its own name. This court has not been cited to and has found no statute or case to establish that proposition. It is far from clear that the Missouri State Highway Patrol as a legal entity is a proper party defendant. See *Parker v. Unemployment Compensation Commission*, 358 Mo. 365, 214 S.W.2d 529 (1948). However, as counsel and the trial court assumed that proposition to be true, this court, for the purpose of this appeal, will accept that premise.

The basic facts have been stated. A recitation of the detailed facts is not necessary. The evidentiary material does, as the trial court found, establish there is no dispute concerning the decisive facts. However, that does not establish per se a basis for the entry of a summary judgment in favor of the plaintiff. An additional prerequisite to such a summary judgment is that the evidentiary material show "that the moving party is entitled to a judgment as a matter of law." Rule 74.04(c). The contrary is true in this case.

■ Count I was entitled "Property Action". The prayer of that count was for the court to order "delivery of said funds to the plaintiff". That count obviously seeks the return of the currency in specie. The evidentiary material establishes the currency was delivered to the DEA and the DEA adopted the seizure of the currency by Roger B. Davis. The evidentiary material further establishes that the forfeiture of the currency was consummated under the provisions of 21 U.S.C. Section 881 and the regulations promulgated pursuant to it. No Missouri court assumed jurisdiction of the currency.

"In any event, even if we were to assume, as defendant argues, that M.C.L. § 780.655; M.S.A. § 28.1259(5) creates a right on her part to the return of the money, the circuit court held that *the state district court was without subject matter jurisdiction in this case because the money had been turned over to federal authorities.* We agree. 21 U.S.C. § 881(a)(6) provides that monies exchanged for a controlled substance or traceable to such an exchange are subject to forfeiture to the United States. '[N]o property right shall exist in' such money. 21 U.S.C. § 881(a). The property and monies described in § 881 are subject to forfeiture even in the absence of any federal prosecution relating to that property or money, *United States v. One 1976 Buick Skylark, 2–Door Coupe, Vehicle I.D. #4W27C6K148647,* 453 F.Supp. 639 (D.Colo., 1978), and even where the seizure of the property subject to forfeiture is subsequently found to be

unlawful. *United States v. $88,500,* 671 F.2d 293 (CA 8, 1982)." *In re 33rd Dist. Court,* 138 Mich.App. 390, 360 N.W.2d 196, 198 (1984). (Emphasis added.)

See also *United States v. Alston,* 717 F.Supp. 378 (M.D.N.C.1989). The trial court had no authority to sustain a motion for summary judgment upon Count I of the plaintiff's petition.

■ Count II seeks a money judgment against the Missouri State Highway Patrol on the basis of a violation of 42 U.S.C. Section 1983.

"A state is not a 'person' under the Civil Rights Act and may not be sued directly under § 1983. *Aubuchon v. Missouri,* 631 F.2d 581, 582[1,2] (8th Cir.1980), cert. denied, 450 U.S. 915, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981). Nor are agencies, such as the Department of Social Services and the Department of Revenue—which are but arms of the state government—any more amenable to suit under that section. *Bennett v. California,* 406 F.2d 36, 39 (9th Cir.1969) cert. denied 394 U.S. 966, 89 S.Ct. 1320, 22 L.Ed.2d 568 (1969). See also S. Nahmod, Civil Rights and Civil Liberties Litigation § 6.20 (2d. ed.1986); Civil Actions Against State Government § 10.4 (W. Winborne ed. 1982). The petition in the circuit court was properly dismissed—whatever the expression of ground—and that judgment is affirmed. *J.M. Morris Const. v. Mid–West Precote Co.,* 613 S.W.2d 180, 181[1] (Mo.App.1981)." *Muza v. Dept. of Social Services,* 769 S.W.2d 168, 176 (Mo. App.1989).

Also see *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Shaw v. City of St. Louis,* 664 S.W.2d 572 (Mo.App.1983). The plaintiff was not entitled to recover against the Missouri State Highway Patrol on the basis of an alleged violation of 42 U.S.C. Section 1983.

■ Count III seeks a money judgment on the basis the Missouri State Highway Patrol committed the tort of conversion. "MSHP is protected by sovereign immunity." *Spotts v. City of Kansas City,* 728 S.W.2d 242, 246 (Mo.App.1987). The plain-

tiff was not entitled to recover against the Missouri State Highway Patrol on the basis of conversion. Summary judgment in favor of the plaintiff and against the Missouri State Highway Patrol is reversed. The cause is remanded.

CROW, J., concurs.

PREWITT, J., dissents and files dissenting opinion.

PREWITT, Judge, dissenting.

I agree, not having been raised, whether defendant is a legal entity is not an issue. "It" has participated in cases both as a plaintiff and defendant with no questions apparently being raised by other parties or the courts. See, e.g., *Medley v. Missouri State Highway Patrol*, 776 S.W.2d 405 (Mo.App.1989); *Missouri State Highway Patrol v. Diekman*, 700 S.W.2d 148 (Mo. App.1985); *Missouri State Highway Patrol v. Robertson*, 648 S.W.2d 644 (Mo.App. 1983). See also *Board of Regents v. Harriman*, 792 S.W.2d 388, 391–393 (Mo.App. 1990) (judgment in action brought by "Southwest Missouri State University", a nonlegal entity not void).[1]

I also agree once federal authorities have possession of property, the state courts cannot make orders affecting the specific property seized. That was the analysis in *In re 33rd Dist. Court*, 138 Mich.App. 390, 360 N.W.2d 196 (1984), and *U.S. v. Alston*, 717 F.Supp. 378 (M.D.N.C.1989), cited in the principal opinion. However, this does not prevent the state court from entering judgment for the value of the property improperly taken where it has subject matter and personal jurisdiction. In view of the allegations in Count I, those authorities might justify the dismissal of that count. However, they are not applicable to Counts II or III, and the principal opinion does not apply them to those counts.

The principal opinion decides Count II was improper because defendant was not a "person" under the Civil Rights Act. Count III was said to be ineffective because defendant is protected by sovereign immunity from the tort of conversion. Neither of these grounds were raised by defendant here and we should not dispose of those counts in a manner not raised. Defendant's three points relied on are set forth below.[2]

Appellate review is limited to the specific matters urged by appellant. *Alcock v. Farmers Mutual Fire Ins. Co.*, 591 S.W.2d 126, 129 (Mo.App.1979); *Freshour v. Schuerenberg*, 495 S.W.2d 116, 118 (Mo. App.1973). This court becomes an advocate for appellant when it searches the record beyond the points raised to find a basis to hold the trial court reached an incorrect result. *Cain v. Richart*, 781 S.W.2d 265, 266 (Mo.App.1989).

The circuit court had jurisdiction. Transferring the property to federal authorities may divest state courts of in rem jurisdiction, but not subject matter or personal jurisdiction. A federal reason for forfeiture does not mean state courts lack juris-

---

1. The "Missouri State Highway Patrol" is "created" by § 43.020, RSMo 1986, a part of Chapter 43, "Highway Patrol, State".

2. I. The circuit court erred in granting summary judgment for respondent against appellant because, based on the totality of the circumstances, the seizure of the property in question was proper in that probable cause existed to believe the money appellant was transporting had been used to facilitate an illegal drug transaction in that (1) the highway patrolman received widely differing stories from respondent and his mother concerning how respondent came to obtain such money, (2) a very large amount of cash was being transported haphazardly by respondent, and (3) the fact that a trained narcotics dog alerted to the cash indicating that it had traces of narcotics on it.

II. The circuit court erred in granting summary judgment in favor of respondent because the court was without jurisdiction to affect the disposition already obtained under federal law in that the federal court had original jurisdiction as the property had been seized by the DEA and forfeiture proceedings initiated before state proceedings were filed.

III. The circuit court erred in granting summary judgment for respondent rather than appellant because the prior decision by the drug enforcement administration that "there was probable cause to believe the property had been used in violation of law" entitled appellant to the benefits of collateral estoppel in that respondent had a full and fair opportunity to litigate the issue in an earlier case, and that prior judgment is conclusive.

diction where property is improperly seized. We do a disservice to our citizens and those present in Missouri by denying a remedy when a state employee seizes property without cause. Neither the color of plaintiff's skin nor the amount and smell of his money justified the patrolman's action.

I respectfully dissent.