ON REHEARING EX MERO MOTU
This Court's opinion dated May 14, 1993, is withdrawn and the following is substituted therefor. *Page 564 
Willie James Woods appeals from a summary judgment entered in favor of Grady Reeves, police chief of the City of Troy, in Woods's action against Reeves seeking the return of $1,969.91 in currency that was seized during Woods's arrest. We affirm in part, reverse in part, and remand.
Woods's version of the facts, which is undisputed in any substantial respect by Reeves, indicates that on January 19, 1989, a warrant was issued for Woods's arrest based on allegations that Woods had been involved in the sale of a controlled substance five months earlier. On January 20, officers of the Troy police department arrested Woods. At that time, police officers took $1,969.91 in unmarked currency that Woods was carrying. Woods was released on bond the same day and immediately requested the return of the money. The request was denied, and Woods was informed that the money had been confiscated. He was also told that a receipt for the money was in the possession of the jailer at the Pike County jail. However, in the hours between Woods's arrest and his release, the money was, according to Reeves, released to the Federal Bureau of Investigation ("FBI").
Woods subsequently requested the return of the money by a letter to Reeves dated January 26, 1989, and in a "Motion for Return of Property" filed in the Pike County Circuit Court on January 27, 1989. Reeves denied the request on the ground that the money was no longer in the custody of the police department, and the trial court, likewise, denied Woods's motion.
On August 15, 1991, Woods again sought the return of the money, plus "damages in the sum of $835.46," in a "Motion to Show Cause." On November 6, Reeves filed a "Motion to Extend Time to Answer Complaint." Woods's motion was, thereafter, consistently treated by the parties and the trial court as an initial pleading in a civil action, i.e., as a "complaint." On December 9, 1991, Woods amended his "complaint" to request (1) return of the $1,969.91 with interest, (2) compensatory damages of $200,000, and (3) punitive damages.
Woods and Reeves each moved for a summary judgment. On June 30, 1992, the trial court entered a summary judgment in favor of Reeves and denied Woods's motion. In Woods's pro se appeal, Reeves contends that the trial court correctly disposed of the claims for damages and for the return of the $1,969.91.
 I. Damages
The ground on which Woods bases his claim for damages is not entirely clear. However, his "motion to show cause" alleges that the "defendant acted under the color of state law to deprive the plaintiff of his rightful property." Construing this language liberally, it appears to us, as it did to the trial court, that Woods is asserting a claim under42 U.S.C. § 1983[1] for damages for deprivation of rights guaranteed by the due process clause of the Fourteenth Amendment to the United States Constitution.
Reeves contends that such claims are subject to the two-year limitations period set forth in Ala. Code 1975, §6-2-38(l), and, he insists, because more than two years elapsed between the time of the seizure of the currency and the filing of this action, the damages claims are barred. We agree. SeeMorrow v. Town of Littleville, 576 So.2d 210, 215 (Ala. 1991) (all § 1983 actions commenced in Alabama are subject to the two-year limitations period set forth in § 6-2-38(l)). Therefore, the judgment of the trial court, to the extent that it precludes damages, is affirmed.
 Return of the $1,969.91
Woods's argument for reimbursement of the money taken from his person on the day of his arrest, however, stands on better ground. The authority to detain certain assets suspected of a connection with controlled *Page 565 
substances is set forth in the following statutes:
§ 20-2-93, Ala. Code 1975:
"(a) The following are subject to forfeiture:
". . . .
 "(4) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of any law of this state; all proceeds traceable to such an exchange; and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of any law of this state concerning controlled substances;
". . . .
 "(b) Property subject to forfeiture under this chapter may be seized by state, county or municipal law enforcement agencies upon process issued by any court having jurisdiction over the property. Seizure without process may be made if:
". . . .
 "(4) The state, county or municipal law enforcement agency has probable cause to believe that the property was used or is intended to be used in violation of this chapter.
 "(c) In the event of seizure pursuant to subsection (b) of this section, proceedings under subsection (d) of this section shall be instituted promptly.
 "(d) Property taken or detained under this section shall not be subject to replevin but is deemed to be in the custody of the state, county or municipal law enforcement agency subject only to the orders and judgment of the court having jurisdiction over the forfeiture proceedings. . . .
". . . .
 "(h) . . . Except as specifically provided to the contrary in this section, the procedures for the condemnation and forfeiture of property seized under this section shall be governed by and shall conform to the procedures set out in sections 28-4-286 through 28-4-290. . . ."
§ 28-4-286:
 "It shall be the duty of such officer in the county or the attorney general of the state to institute at once or cause to be instituted condemnation proceedings in the circuit court by filing a complaint in the name of the state against the property seized . . . to obtain a judgment enforcing the forfeiture. . . ."
(Emphasis added.)
Statutes authorizing confiscation and forfeiture obviously carry serious implications for rights guaranteed by the federal and state constitutions. For example, in Kirkland v.State ex rel. Baxley, 340 So.2d 1121 (Ala.Civ.App. 1976),cert. denied, 340 So.2d 1127 (Ala. 1977), the constitutionality of Act No. 1407, § 504, 1971 Ala. Acts 2378, the predecessor of § 20-2-93, was challenged on the ground that it lacked a provision whereby the owner of confiscated property, by posting bond, could reclaim the property pending condemnation proceedings. The owner of a vehicle that had been forfeited through a judicial proceeding contended that the statute, in the absence of such a provision, deprived him of his property without due process. Id. at 1126. The Court of Civil Appeals rejected this contention and upheld the statute. In doing so, however, it stated:
 "The essence of due process requires that the aggrieved party be given a prompt opportunity to adjudicate his claims. Subsection (c) of [Act No. 1407, § 504] requires that, 'In the event of seizure pursuant to subsection (b), proceedings under subsection (d) shall be instituted promptly.' [Emphasis supplied in Kirkland.]. . . .
 "The necessity of prompt action to adjudicate the merits of the seizure and to effectuate the forfeiture is what is constitutionally required. . . . In other words, the want of a bond provision in the statute does not render it constitutionally defective so long as it provides interested parties the right to a prompt hearing. . . .
 "It should be pointed out that our conclusion is supported by the analogous Federal statutory scheme. 19 U.S.C. § 1602 et seq., has no mandatory provisions whereby the owner of the property may *Page 566 
post bond and obtain his property prior to the hearing. As already stated, the constitutionality of this statute has been repeatedly upheld. What is required under 19 U.S.C. § 1604, is that where judicial proceedings are required, they be brought 'immediately.' [Act No. 1407, § 504] requires that judicial proceedings be instituted 'promptly.' We perceive no difference in the above quoted language. Here, . . . the proceedings were instituted approximately two weeks after the [seizure], which is clearly 'prompt' or 'immediate.' "
340 So.2d at 1126.
In Reach v. State, 530 So.2d 40 (Ala. 1988), this Court rendered a judgment in favor of the owner of vehicles condemned in proceedings initiated pursuant to § 20-2-93. We held that the commencement of a condemnation action approximately four months after the seizure of vehicles used to transport marijuana failed to "afford [the owner] due process of law."Id. at 41. In so holding, we cited with approval Kirkland's conclusions regarding the necessity of prompt adjudication on the merits of the State's claim to the confiscated property. We found these conclusions particularly compelling in view of the fact that § 20-2-93(d) expressly prohibits an owner from attempting to reclaim his property through "replevin." Reach, 530 So.2d at 41. More specifically, we stated that "a forfeiture proceeding not 'instituted promptly' is ineffectual." Id.
In this case, the only evidence contained in the record in opposition to Woods's summary judgment motion was the bare declaration that the money was no longer in Reeves's possession because, Reeves said, it had been turned over to the FBI. Conspicuously absent from the record is evidence of the commencement of any forfeiture proceeding in the four years since the initial confiscation. On the basis of the record before us, we are compelled to hold that "no genuine issue as to any material fact" exists regarding Woods's claim to a return of the $1,969.91 and that, on that claim, Woods "is entitled to a judgment as a matter of law." Ala.R.Civ.P. 56(c)(3).
For these reasons, the judgment of the trial court, to the extent that it denied Woods the return of the currency, is reversed. The cause is remanded with directions that the trial court enter a judgment in favor of Woods in the amount of $1,969.91.[2]
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.
[1] In pertinent part, § 1983 provides:
 "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."
[2] Woods's amended "complaint" included a claim for interest on $1,969.91. His brief, however, contains no reference to this claim and cites no authority in support of such a claim. Therefore, that claim is waived. Ala.R.App.P. 28; Sea CalmShipping Co., S.A. v. Cooks, 565 So.2d 212 (Ala. 1990); Lewisv. State, 518 So.2d 214 (Ala.Civ.App. 1987).