**Cleavon Alfred EDNEY, and Elmer James, Jr., Plaintiffs,**

v.

**CITY OF MONTGOMERY, et al., Defendants.**

**Civil Action No. 96–D–1287–N.**

United States District Court, M.D. Alabama, Northern Division.

Feb. 28, 1997.

Bruce Maddox, Maryanne E. Melko, Montgomery, AL, for Plaintiffs.

J. Bernard Brannan, Jr., Brannan & Guy, Montgomery, AL, F. Tim McCollum, City Attorney, Montgomery, AL, for City of Montgomery, AL, Neil McMahon, R. M. Markham, O. D. Perkins, M. N. Drummond.

J. Bernard Brannan, Jr., Brannan & Guy, Montgomery, AL, for Vanessa Davis.

John T. Harmon, Redding Pitt, U.S. Atty., Montgomery, Al, J. Bernard Brannan, Jr., Brannan, Jr., Brannan & Guy, Montgomery, AL, for U.S. Drug Enforcement Admin.

## ORDER

De MENT, District Judge.

There being no objections filed to the Recommendation of the Magistrate Judge filed herein on February 14, 1997, said Recommendation is hereby adopted, and it is the

ORDER, JUDGMENT and DECREE of the court:

1. That the motion to remand filed by the plaintiffs on August 22, 1996 be DENIED; and

2. That the notice of dismissal filed on August 21, 1996 which the court has construed as a motion to dismiss be GRANTED

1. Defendants, to be referred to collectively as "the city," include the following: the City of Montgomery, Detective Neil McMahon, Detective Z.M. Markham, Officer Vanessa Davis, Cpl. O.D. Perkins, and Detective M.N. Drummond.

2. The "DEA adopts seizures by state or local law enforcement officials when it takes custody of

and that the DEA be DISMISSED as a defendant.

## RECOMMENDATION OF THE MAGISTRATE JUDGE

CARROLL, United States Magistrate Judge.

Pending before the court is plaintiffs' motion to dismiss filed August 21, 1996, and plaintiffs' motion to remand this action, filed August 22, 1996. Plaintiffs filed a brief in support of their motion to dismiss on September 12, 1996. Defendant United States of America Drug Enforcement Administration ("DEA") filed response thereto on September 25, 1996, and plaintiffs then filed a reply on November 8, 1996. A hearing was held on these matter on December 9, 1996. After careful consideration of the arguments of counsel, the relevant case law and the record as a whole, the court finds plaintiffs' motion to remand is due to be denied and plaintiffs' motion to dismiss is due to be granted.

## BACKGROUND

On June 11, 1996, defendants [1] detained plaintiffs at Dannelly Field in Montgomery, Alabama, and seized approximately $280,000 in cash. Pls.' Br. in Supp. of Mot. to Dismiss at 2 ("Pls.' Br."). At some point during the seizure, defendants contacted and were instructed by the DEA to seize the currency on behalf of the DEA.[2] See Hr'g Tr. ("Tr."). In any event, the parties have stipulated that the currency is now in the custody of the United States government. Tr. at 25. On June 12, 1996, Plaintiffs filed their complaint in the Circuit Court of Montgomery County, Alabama, for chattels in specie against the City of Montgomery and various police officers; plaintiffs did not, however, name the DEA as a party defendant. Pls.' Compl.

Because the DEA had and continues to have custody of plaintiffs' currency, which is

seized property and treats the property as if [the] DEA had made the initial seizure. [The] DEA may then institute forfeiture proceedings in accordance with federal law." *U.S. v. Winston–Salem/Forsyth County Bd. of Educ.*, 902 F.2d 267 n. 1 (4th Cir.1990).

the subject of their chattels in specie action, the City filed a motion on July 22, 1996, to bring in the DEA as an additional defendant. Pls.' Br. at 4; Def.'s Br. at 2. On July 29, 1996, the State Circuit Court, over the plaintiffs' objections, granted the City's motion and added the DEA as a proper party to the action.[3] On August 16, 1996, the DEA filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1446, and 1331, in that the district courts of the United States have original jurisdiction of all civil actions arising under the Constitution and laws or treaties of the United States and that the DEA was added as a party defendant. *See* Notice of Removal.

Plaintiffs argue they have no claim against the DEA, that the DEA is due to be dismissed, and, therefore, that this court has no jurisdiction over this matter. Pls.' Br. at 8. Primarily, plaintiffs argue that their property was seized by the city under § 20–2–93, Ala. Code (1990), and that the city failed to transfer or dispose of that property pursuant to the procedures outlined in § 20–2–93. Pl.'s Am. Compl. at 3–4. Plaintiffs further contend that Alabama law, *see Woods v. Reeves*, 628 So.2d 563 (Ala.1993), requires the city officials to "promptly institute proceedings to forfeit seized property pursuant to § 20–2–93" and that the transfer of such property to a federal agency does not relieve the city officials from their obligation to institute such proceedings.[4] *Id.* at 4.

The DEA, however, argues that it should not be dismissed from this action and that removal jurisdiction is proper. First, the DEA asserts that it is a proper party to this action because it has initiated an administrative forfeiture proceeding pursuant to 21

U.S.C. § 881 against the currency at issue.[5] Def.'s Br. at 8. Moreover, the DEA asserts that any attack on these proceedings also arises under 21 U.S.C. § 881 and, therefore, that under 28 U.S.C. § 1355, the federal courts have original jurisdiction over the instant replevin action, which is an attempted attack on the forfeiture proceeding. *Id.* at 10. Finally, the DEA argues that under § 881(c), "property taken or detained under this section shall not be repleviable and is subject only to the orders and decrees of the agency having jurisdiction thereof." *Id.* at 12.

## DISCUSSION

### A. Motion to Remand

■ Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Contending that the court lacks subject matter jurisdiction over this action, plaintiffs have filed a motion to remand this action to state court. Plaintiffs claim they are bringing an action under state law, against state officials, for the return of their seized currency. Because this involves only state actions, they claim that this court lacks subject matter jurisdiction—both federal question and diversity jurisdiction. Leaving aside for a moment the issue of whether the DEA is a proper party to this action, the court finds that plaintiffs have, intentionally or not, raised a federal question. Specifically, the court finds that it has subject matter jurisdiction over the federal forfeiture proceeding in this action, pursuant to 21 U.S.C.

---

3. The state circuit court "conditionally" granted the city's motion to bring in the DEA as an additional defendant. See Order 7/29/96. The court, in its order, did not specify on what the "conditional" granting was based. Because this court has no guidance in this regard, this court will proceed as if the city's motion were simply granted and the DEA was then made a party defendant to the action.

4. Plaintiffs also cite a plethora of additional arguments to support their contention that the DEA is not a proper party in this action, including: collusive or fraudulent joinder, plaintiffs' right to dismiss under Rule 41 of the Federal

Rules of Civil Procedure, plaintiffs' failure to state a claim upon which relief can be granted, lack of independent jurisdiction over third-party defendant, insufficiency of process, conditions of adding DEA were not met, and the doctrines of res judicata and collateral estoppel bar the addition of the DEA as a party defendant. *See* Pls.' Br.; Pl.'s Reply Br.

5. The DEA notified plaintiffs on July 30, 1996, "that proceedings to administratively forfeit the [p]laintiffs' property [were] under way." Pls.' Br., Ex. C (Objection to Additional Party Defendant).

§ 881(c)[6] and 28 U.S.C. § 1355,[7] and, consequently, that it may exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over plaintiff's state claims.

After the city seized the currency at issue, the DEA adopted the city's seizure by authorizing the city to seize the money on behalf of the DEA and to transfer the money to the DEA. "[U]nder the 'adoptive forfeiture' doctrine, the United States' adoption of the State's seizure of [the plaintiffs'] cash has the same effect as if the government had originally seized the currency." *U.S. v. $119,000 in U.S. Currency,* 793 F.Supp. 246, 249 (D.Haw.1992). That is, "[o]nce the federal government has taken custody of property under 21 U.S.C. § 881, such property is not repliable, subject only to orders from the court having jurisdiction over the forfeiture proceeding." *Id.* And it is the federal district court that has original jurisdiction of a federal forfeiture action. 28 U.S.C. § 1355(a).

For example, in *$119,000,* a local law enforcement agency seized currency from the claimant and, on the following day, turned the currency over to the DEA. 793 F.Supp. 246. The claimant later filed a petition against the state in state court for return of his property, and the state court granted the claimant's petition. A few months after the state court granted the claimant's petition, the DEA began administrative forfeiture proceedings. The federal court concluded that under the adoptive forfeiture doctrine, the federal court's jurisdiction over the currency was prior in time to any of the state court proceedings, and that pursuant to 21 U.S.C. § 881(c), "the state court did not have proper in rem jurisdiction over the defendant currency which was in federal custody at the time of the proceedings."[8] *Id.* at 250; *see also U.S. v. $530.000,* 1987 WL 27357, *2 (N.D.Ill.1987) (finding that pursuant to § 881, "from the time the proceeds were taken into federal custody, the state court was prevented altogether from acquiring jurisdiction"); *Conrod v. Missouri State Highway Patrol,* 810 S.W.2d 614, 617 (Mo.Ct.App. 1991) (holding that because local authorities allowed the DEA to adopt the seizure and institute forfeiture proceedings, prior to any action in the state court, no Missouri court ever had jurisdiction over the money).

A Michigan Appeals Court reached a similar conclusion in *In re 33rd District Court,* 138 Mich.App. 390, 360 N.W.2d 196 (1984). There, claimants, relying on state law, sought the return of their seized currency from the local law enforcement agency that effected the seizure. The state court eventually ordered the return of the seized property to the claimants, "whether or not it [was] currently in [the state agency's] possession." *Id.* at 197. Prior to the state court's order, however, the DEA, who had adopted the seizure and taken possession of the seized money, instituted a federal forfeiture action, pursuant to 21 U.S.C. § 881(a)(6). The court concluded that because federal district courts have original and exclusive jurisdiction over actions for the enforcement of any forfeiture authorized under an act of Congress and because the seized currency "was properly the subject of a forfeiture action in federal district court, the state district court was without jurisdiction to order its disposition." *Id.* at 198–99.

In the instant action, although plaintiffs profess only to be bringing a species in chattel action under state law in state court, they

---

**6.** Section 881(c) reads in pertinent part:

> Property taken or detained under this section shall not be repliable, but shall be deemed to be in the custody of the Attorney General, subject only to the orders and decrees of the court or the official having jurisdiction thereof.
> 21 U.S.C. § 881(c).

**7.** Section 1355(a) reads in pertinent part:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture.

28 U.S.C. § 1355(a).

**8.** The fact that federal courts, pursuant to 21 U.S.C. § 881, have exclusive jurisdiction over federal forfeiture actions does not necessarily mean that a state court lacks jurisdiction where it attempts to proceed under the state's forfeiture statute. *See U.S. v. Winston–Salem/Forsyth County Bd. of Educ.,* 902 F.2d 267, 271 n. 4 (4th Cir.1990). Because, however, the state action in the instant case is not a forfeiture action pursuant to state law, it is unnecessary to determine whether the Alabama state court could properly exercise jurisdiction over the seized property.

are, nonetheless, attempting to replevin their seized currency in a court without jurisdiction over the forfeiture proceedings. Here, just as in *$119,000* and *33rd District Court*, a local law enforcement agency seized currency, which the DEA later adopted and upon which the DEA initiated forfeiture proceedings. In accord with the adoptive forfeiture doctrine, this court must conclude that it has exclusive subject matter jurisdiction over the seized currency. Moreover, this court must also conclude that its jurisdiction is prior in time to any of the state court proceedings and, therefore, that the state court is without jurisdiction to order the return of the currency.[9] Jurisdiction over the seized currency properly lies with this court.

■ In reaching the conclusion that it has subject matter jurisdiction over the instant action, the court is fully aware of the need to "avoid unseemly and disastrous conflicts in the administration of our dual judicial system, and to protect the judicial processes of the court first assuming jurisdiction." *See Penn General Casualty Co. v. Pennsylvania*, 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935). The court is also fully aware, however, that claimants must not be allowed to circumvent federal forfeiture actions by racing to state court and filing replevin actions. *See $119,000*, 793 F.Supp. at 250, n. 5 (warning of the "dangerous precedent which would encourage claimants to circumvent federal forfeiture proceedings by running to state court and filing ... motions"). Accordingly, plaintiffs' motion to remand this action to state court is due to be denied.

## B. Motion to Dismiss Party Defendant DEA

Plaintiffs have moved to voluntarily dismiss defendant DEA, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. Rule 41(a)(1) reads in pertinent part:

[A]n action may be dismissed by the plaintiff without order of the court by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.... Unless otherwise stated in the notice of dismissal ..., the dismissal is without prejudice.

The DEA argues, however, that because Rule 41 contemplates the dismissal of entire actions and not separate parties, voluntary dismissal is ineffective to dismiss the DEA from this action. The DEA contends that instead Rule 21 of the Federal Rules of Civil Procedure is the correct rule under which the plaintiffs should have proceeded.

■ The DEA's contention is clearly "contrary to binding law in the Eleventh Circuit." *Cordis Corp. v. Siemens–Pacesetter, Inc.*, 682 F.Supp. 1200, 1201 (S.D.Fla. 1987) (citing *Plains Growers. Inc., Fl. M.I. Co. v. Ickes–Braun Glasshouses, Inc.*, 474 F.2d 250 (5th Cir.1973); *Oswalt v. Scripto, Inc.*, 616 F.2d 191 (5th Cir.1980)).

Under the rules governing dismissal by notice under Federal Rule of Civil Procedure 41 and dismissal by motion under Federal Rule of Civil Procedure 21, dismissal against such defendants as have not served an answer or motion for summary judgment is permitted even though the case might remain pending against other defendants.

*Cordis Corp.*, 682 F.Supp. at 1201 (citing *Plains Growers*, 474 F.2d at 255). In the instant action, the DEA has removed this action to federal court but has not filed an answer or a motion for summary judgment. Accordingly, the court finds that plaintiffs' motion to dismiss the DEA without prejudice from this action is due to be granted. As previously noted, the DEA's presence or lack thereof in this case has no bearing on jurisdiction.[10]

**9.** Plaintiffs' reliance on *Woods v. Reeves*, 628 So.2d 563 (Ala.1993), is misplaced. Although it is true that the state court exercised jurisdiction over currency initially seized by a local law enforcement agency, which later transferred the currency to a federal agency, it is important to note that the state only exercised jurisdiction after approximately four years passed with no forfeiture proceeding instituted by either the city

or the federal authorities. Unlike *Woods*, forfeiture proceedings have been initiated in the instant case by the DEA, thereby invoking the exclusive jurisdiction of the federal district court.

**10.** The DEA's presence does not affect jurisdiction but may affect relief. The plaintiffs have filed a detinue action, which, in order to be successful, will require the presence of the entity

*CONCLUSION*

For the foregoing reasons, it is the REC-OMMENDATION of the Magistrate Judge:

1. That the motion to remand filed by the plaintiffs on August 22, 1996 be DENIED; and

2. That the notice of dismissal filed on August 21, 1996 which the court has construed as a motion to dismiss be GRANTED and that the DEA be DISMISSED as a defendant.

DONE this 14th day of February, 1997.

that had possession of the property at the time the plaintiffs filed their action. Clearly then the DEA should be made a party to this action, and the court will entertain a motion from the parties to join the DEA as a proper and necessary party.