OPINION OF THE COURT
Philip G. Minardo, J.
The petitioner moves pursuant to CPLR article 78 for an or *407 der requiring the Property Clerk of the New York City Police Department to return $14,000 that was seized from him on September 16, 1998. In essence this is an in rem or replevin proceeding for the return of the said $14,000.
It is the petitioner’s contention that he was lawfully standing in front of 21 Bond Street, Staten Island, New York, when members of the New York City Police Department, without probable cause, falsely arrested him and seized $14,000 in cash from his person. On September 21, 1998, six days after his arrest, the District Attorney of Richmond County dismissed the case against petitioner and thereafter issued a release indicating the $14,000 was no longer needed as evidence. On or about October 13, 1998, the petitioner made a formal demand for the return of the money but on or about November 6, 1998, was informed by the United States Customs Service that they had seized the petitioner’s $14,000 for violating section 1956 of title 18 of the United States Code. The petitioner argues that the initial seizure of the $14,000 and/or its transfer to the United States Customs Service was arbitrary, capricious, unreasonable, unsupported by substantial evidence and is contrary to law.
It is respondent’s contention that the petitioner was lawfully arrested and the money was seized based on the police officer’s belief that it was the proceeds and/or instrumentality of a narcotics transaction. He further opposes petitioner’s motion arguing this court lacks in rem jurisdiction as a matter of law in that the said $14,000 is no longer in his possession but rather in the possession of a Federal agency, i.e., United States Customs Service. Further, petitioner’s demand for said $14,000 is defective in that he failed to attach required documents as required by McClendon v Rosetti (369 F Supp 1391 [SD NY 1974]; see also, Property Clerk, N. Y. City Police Dept. v Gully, 144 Misc 2d 833 [Sup Ct, NY County 1989]).
Though there appears to be a dearth of New York case law on this issue, there is ample Federal law as well as cases of this nature decided in other jurisdictions to support respondent’s position. (See, Cavaliere v Town of N. Beach, 101 Md App 319, 646 A2d 1058 [1994]; City of San Jose v Superior Ct., 195 Cal App 3d 743, 240 Cal Rptr 882 [1987].) The sine qua non of an in rem or replevin action is that the respondent have possession of the property to be returned. Once Federal authorities have possession of the property, the State courts cannot issue an order affecting the specific property seized. *408 (See, Edney v City of Montgomery, 960 F Supp 270 [MD Ala 1997]; United States v $119,000 in U. S. Currency, 793 F Supp 246, 250 [D Haw 1992]; United States v $530,000.00, 1987 WL 27357, 1987 US Dist LEXIS 11912 [ND Ill, Dec. 3, 1987, Hart, J.].)
The case of McClendon v Rosetti (369 F Supp 1391 [SD NY 1974], supra) has held that upon timely demand of the person from whom the property was seized together with a release from the District Attorney, the police property clerk must within 25 days either commence a forfeiture proceeding or release same. (See also, McClendon v Rosetti, 1993 WL 158525, 1993 US Dist LEXIS 6274 [SD NY, May 12, 1993, Lasker, J.].)
21 USC § 881 (a) (6) provides that monies exchanged for a controlled substance or traceable to such an exchange are subject to forfeiture to the United States. There is no requirement that the subject property to be forfeited must arise from Federal prosecution. (See, United States v One 1976 Buick Skylark, 453 F Supp 639 [D Colo 1978].) Federal district courts have original and exclusive jurisdiction over actions for the enforcement of any forfeiture authorized under an act of Congress. (See, 28 USC § 1355; see also, Edney v City of Montgomery, supra; In re 33rd Dist. Ct., 138 Mich App 390, 360 NW2d 196 [1984].)
Once the proceeds are taken into Federal custody, a State court is divested of jurisdiction over the seized property. (See, 21 USC § 881; Edney v City of Montgomery, supra; Cavaliere v Town of N. Beach, supra, 101 Md App, at 330, 646 A2d, at 1063.) In United States v $530,000.00 (1987 WL 27357, *2, 1987 US Dist LEXIS 11912, *4 [ND Ill, Dec. 3, 1987, Hart, J.], supra), the court stated that “from the time the proceeds were taken into federal custody, the state court was prevented altogether from acquiring jurisdiction.” (See also, Conrod v Missouri State Highway Patrol, 810 SW2d 614, 617 [Mo Ct App 1991]; In re 33rd Dist. Ct., supra.) Further, under 28 USC § 1355 (a) the Federal courts have “original jurisdiction, exclusive of the courts of the States,” over forfeiture cases brought under Federal statutes. (See, United States v $530,000.00, supra.)
Parenthetically, this court notes that the disposition of a criminal proceeding is not dispositive of a civil forfeiture action. (See, Property Clerk of N. Y. City Police Dept. v Conca, 148 AD2d 301 [1st Dept 1989]; Property Clerk of N. Y. City Police Dept. v Hurlston, 104 AD2d 312 [1st Dept 1984].) An independent determination of the facts must be made in a civil for *409 feiture proceeding, in that the burden of proof is merely by a preponderance of the evidence as opposed to beyond a reasonable doubt in a criminal proceeding. (See, Property Clerk of N. Y. City Police Dept. v Conca, supra.) However, the burden of proof lies with the governmental agency seeking to have the property forfeited. (McClendon v Rosetti, 460 F2d 111 [2d Cir 1972].)
Accordingly, the petitioner’s motion for an order directing the New York City Property Clerk to release the said $14,000 seized by the New York City Police Department is denied for lack of in rem jurisdiction.